## Smith W. Fowler v. John H. Pixley.

*Appeal from justice's court: Dismissal for want of prosecution: Statute construed.*
The statute (*Comp. L., 1857,* §§ *3859, 3860*) authorizing a dismissal from the circuit court, of an appeal from a justice's court for want of prosecution, and proceedings to be thereupon taken in the justice's court, as if no appeal had been made, does not apply to a case where the appeal record has been essentially varied in the circuit court, as by the filing of a new declaration, upon the court's holding the original one deficient.

*Heard October 10.     Decided October 15.*

Error to Eaton Circuit.

*Fowler & McAlvay*, for plaintiff in error.

*F. A. Hooker*, for defendant in error.

CAMPBELL, J.

Pixley recovered a judgment against Fowler, before a justice, in 1856, and it was appealed to the circuit, where the appeal was several times noticed for hearing. New pleadings were filed, the declaration claiming a cause of action considerably less in amount than the justice's judgment had been rendered for. From 1859, till the order appealed from, neither party had noticed the cause. In December, 1871, acting under a circuit court rule, which allowed an appeal to be dismissed if three terms had passed without its being noticed for hearing, the circuit court of Eaton county dismissed the appeal, with costs.

The statute, supposed to authorize this dismissal, is found in *sections 3859 and 3860 of the Compiled Laws of 1857*, as follows:

"(3859.) SEC. 207. If an appeal be not prosecuted within such time as shall be prescribed by the general rules of

25 MICH.—65.

the court, the court shall order the same to be discontinued, with costs.

"(3860.) SEC. 208. Upon an appeal being dismissed or discontinued, and a certified copy of the order of dismissal or discontinuance being served upon the justice, he shall proceed thereon, as if no appeal had been made."

The statute cannot be fairly applied to any case where the appeal record has been essentially varied in the circuit court. Where there have been proceedings in the cause, involving the action of the court, or working substantial changes, it is impossible to remand the cause so as to leave it in its original condition.

In the present case the circuit court had passed upon the sufficiency of the original declaration, and held it deficient in substance, as well as in form. A new declaration had been filed by the appellee, who was not only plaintiff, but moving party in changing the issue on which he had recovered his judgment before the justice. It is not necessary for us to construe the statute, in connection with the rule of the Eaton circuit, or to consider that rule at all; because, by his own action, the appellee has made it impossible to restore the case to its position before appeal. To proceed upon such a judgment, as if no appeal had been taken, would be to proceed upon a case which the judgment creditor has repudiated, and the circuit court has held imperfect. If there had been otherwise a right of dismissal, it has been waived by presenting the new form of issue, and has been cut off by the judicial action of the circuit court had upon the original record.

The judgment of discontinuance must be reversed, with costs, and the cause remanded for trial.

The other Justices concurred.