## Stephen H. Willis v. Robert B. Gimbert.

*Appeal from justice's courts: Dismissal for want of prosecution: Rule construed.* A rule of the circuit in reference to dismissing appeals from justice's courts, which provides for a dismissal on motion where the cause has not been duly noticed for trial for some term not later than the fourth term after the entry of the cause in the circuit, does not apply to a case which has once been duly noticed within the time prescribed, notwithstanding there has subsequently been a delay without noticing for the time prescribed.

*Power to adopt rules.* Whether the power to adopt such rules is vested in the supreme court, to the exclusion of the circuit courts, so as to render such a rule adopted by a circuit court nugatory:—*Quære?*

*Appeal from justice's courts: Dismissal for want of prosecution: Discretion.* The circuit courts have authority under the statute (*Comp. L. 1871,* § *5455*) to dismiss an appeal for want of prosecution only where there is a delay to prosecute within such time as shall be prescribed by the general rules of the court; and in the absence of any such rule they have no general authority to dismiss at discretion.

*Remedy: Writ of error.* Error is the proper remedy for reviewing the determination of the circuit in this regard.[*]

*Heard April 8. Decided April 22.*

Error to Calhoun Circuit.

Defendant in error moved to dismiss the writ on the ground that the determination complained of was a summary statutory proceeding, and not according to the course of the common law, and that therefore error was not the proper remedy.

THE COURT held that error was the proper remedy, and denied the motion.

---

[*] See *Matter of Hicks, 20 Mich., 129.*

*Alvan Peck* and *A. M. Culver*, for plaintiff in error.

*John C. Patterson*, for defendant in error.

COOLEY, J.

The writ of error in this case is sued out to reverse a judgment of the circuit court, dismissing an appeal from a justice's court, with costs. The dismissal was upon the ground that the appellant had failed to bring the case to trial in accordance with a rule, numbered 100, which had been adopted by the circuit court, and which the circuit judge held was obligatory upon him. The rule in question is as follows:

"Rule 100. Any civil cause hereafter brought into this court by appeal from the judgment of a justice of the peace, shall, at the instance of the appealing party, be duly noticed for trial for some term not later than the fourth next after the entry of the cause in this court, and any such cause already depending in this court, shall be so noticed for some term not later than the fourth next after the present term, and if said cause is not so noticed, the appeal shall be discontinued, with costs, on motion of the appellee; and a notice which shall be revoked, shall not be deemed a due notice within the intent of this rule. Ordered that the foregoing be and the same is hereby adopted as the 100th rule of this court."

The appellant, who is plaintiff in error, insists that the power to adopt such rules is vested by law in the supreme court to the exclusion of the circuit court, and that consequently this rule was entirely nugatory. We have not deemed it necessary to consider this question, as we are clearly of opinion that, assuming the rule to be valid, the court erred in holding this case to be within it.

The appeal in the case was perfected by filing appeal papers, September 7th, 1868. The record shows that at the November term, 1869, the case was on the docket for

trial on the notice of the appellant, but for some reason was not tried. For the next four terms it was not noticed for trial, and at the fourth it was dismissed.

It thus appears that the appellant did, at a term not later than the fourth from the time of taking the appeal, duly notice the case for trial as required by the rule. He had, consequently, fully complied with its provisions; and if he was guilty of any delay afterwards, the case was one for which the rule made no provision. The appeal, therefore, should not have been dismissed for the reason assigned.

It is urged that the circuit court in its discretion might dismiss the appeal for delay in prosecution. The statute, however, only gives authority to do this where there is a delay to prosecute within such time as shall be prescribed by the general rules of the court (*Comp. L. 1857*, § *3859 ; Id. 1871*, § *5455*); and it is not claimed that any other rule affects the case. And as both parties have equal rights to notice the case for trial, and equal and the same means for expediting the proceedings, no very obvious reason exists for giving the circuit court a general authority to dismiss at discretion, and we do not think such authority has been conferred.

As we find, therefore, that the case was dismissed on an erroneous construction of the rule in question, and that no other authority existed for this action, the judgment must be reversed, with costs, and the case remanded.

The other Justices concurred.