DETROIT, GRAND RAPIDS & WESTERN RAILROAD CO. *v.* EATON CIRCUIT JUDGE.

1. Practice—Court Rules—Power to Adopt.

    Any power inherent in the circuit courts to make rules regulating their own practice is restricted by section 5, art. 6, of the Constitution, vesting such power in the Supreme Court, to the extent, at least, that a circuit court cannot adopt rules

conflicting with those prescribed by the Supreme Court, or covering matters of other than mere local concern.

2. SAME—DISMISSAL OF APPEAL.

1 Comp. Laws, § 926, providing that, if an appeal from justice's court be not prosecuted within such time as shall be prescribed by the "general rules of the court," it shall be discontinued, does not mean rules made by the court having jurisdiction of the cause, but rules adopted by the Supreme Court under its constitutional authority.

3. SAME.

The fact that the Supreme Court has made no rule for the dismissal of appeals under said statute does not authorize the adoption of such a rule by the circuit court: the statute does not require such a rule, but is permissive merely.

4. MANDAMUS—FINAL JUDGMENT—WRIT OF ERROR.

Where an appeal from justice's court was dismissed in the circuit, a judgment might have been entered on application of either party, which could have been reviewed by writ of error; so that, even if no judgment were in fact entered, *mandamus* to compel the vacation of the order dismissing the appeal was not the proper remedy.

*Mandamus* by the Detroit, Grand Rapids & Western Railroad Company to compel Clement Smith, circuit judge of Eaton county, to vacate an order dismissing an appeal from justice's court. Submitted October 8, 1901. Writ granted October 22, 1901.

*Frederick W. Stevens*, for relator.

*Cassius Alexander*, for respondent.

HOOKER, J. On November 25, 1899, one Tucker recovered a small judgment against the relator before a justice of the peace. An appeal duly taken was subsequently dismissed under a local rule of long standing, which is as follows:

"RULE 2. If any cause now or hereafter brought into this court by appeal under the act entitled 'An act to amend chapter 93 of the Revised Statutes of 1846, entitled "Of Courts Held by Justices of the Peace,"' approved

February 13, 1855, shall, after the entry fee shall be paid, remain at any time for three successive terms subsequent to the time of the adoption of this rule without being noticed for trial, the appeal in said case shall, upon motion made before the case is brought on for trial, be discontinued, with costs, as authorized by section 207 of said act, being section 7022 of Howell's Annotated Statutes."

This rule was made by the circuit court, and the record does not show how long it has been in existence. A motion to vacate said order having been denied, this application is made for a *mandamus* to compel such action.

Counsel for respondent defends the rule upon two grounds: (1) A general power to make rules; (2) under authority of 1 Comp. Laws 1897, § 926.

If, as is claimed, common-law courts in general have an inherent power to make rules of procedure, such power is restricted by our Constitution (section 5, art. 6), which provides that "the Supreme Court shall, by general rules, establish, modify, and amend the practice in such court, and in the circuit courts, and simplify the same." Before the adoption of the Constitution, if not before the circuit courts were presided over by circuit judges, the statute required the Supreme Court to make rules of practice for the circuit courts (Rev. Stat. 1838, p. 358, § 5); and such statute has remained, in substance the same, since that time (Rev. Stat. 1846, p. 350, § 13; 2 Comp. Laws 1857, § 3390; 2 Comp. Laws 1871, § 4912; 2 How. Stat. § 6409; 1 Comp. Laws 1897, § 196). Rules of practice for the circuit courts were made by the Supreme Court at an early day, and have existed since. They have been changed and revised from time to time. Manifestly, the imposition of this duty upon the Supreme Court carries with it the obligation upon the circuit courts to be governed by the rules made by the Supreme Court, and precludes the making of conflicting rules.

It is contended, however, that the circuit court may still make rules to cover subjects not covered by those made

128 MICH.—32.

by the Supreme Court, especially to carry out the provisions of a statute which requires a rule to make it effective. 1 Comp. Laws 1897, § 926, provides:

"If an appeal be not prosecuted within such time as shall be prescribed by the general rules of the court, the court shall order the same to be discontinued, with costs."

The Supreme Court has never made a rule for the dismissal of appeals for want of prosecution under this statute, and it is said that the circuit court has authority to supply it. The rule was probably made upon that theory. We think this a mistaken view. The Constitution and laws seem to contemplate that the regulation of the practice in circuit courts shall be by general rules made by the Supreme Court; and, while there are necessarily minor matters of everyday practice which are within the discretion of the circuit judges, and which may, perhaps, be regulated by local rule, this is not one of them. The statute does not indicate that the practice should vary in different circuits, and we think it a strained construction to say that the language, "*prescribed by the general rules of the court*," means rules made *by the court* having jurisdiction of the case. Certainly, the Supreme Court *might* make a rule for such cases, and, should it do so, it would be fatal to such construction, unless we should conclude that the statute was to limit the power of the Supreme Court to make rules in the premises, which we could hardly do in face of the constitutional provision. A more reasonable construction would seem to be that the general rules referred to are the circuit court rules prescribed by the constitutional authority; *i. e.*, the Supreme Court. Again, we are not prepared to accept the broad proposition that the circuit court may supply real or imaginary deficiencies in the general rules. Furthermore, this statute need not be construed to *require* a rule for the dismissal of cases. It can be construed to be permissive, and, so long as the Supreme Court supplies no rule, it cannot be operative.

That this court has taken this view of the statute, and has thought such a rule unnecessary, seems probable from its treatment of these cases.   It has always been reluctant to sustain the enforcement of this and similar rules.   In *Fowler* v. *Pixley*, 25 Mich. 513, where this identical rule came in question, this statute was referred to, and was spoken of as a "statute *supposed* to authorize this dismissal," and the case was said to be not subject to the rule, for the reason that new pleadings had been filed in the circuit.   Thus, though the question was avoided, apparently the court doubted the validity of the rule.   In *Willis* v. *Gimbert*, 27 Mich. 91,—a case which arose in the same circuit under a similar rule,—the court said:

"The statute, however, only gives authority to do this where there is a delay to prosecute *within such time as shall be prescribed by the general rules of the court.* * * * And as both parties have equal rights to notice the case for trial, and equal and the same means for expediting the proceedings, no very obvious reason exists *for giving the circuit court a general authority* to dismiss at discretion, and we do not think such authority has been conferred."

Language could hardly express more plainly the opinion that this statute neither imposed a duty upon this court nor conferred a power upon the circuit in the absence of a rule made by this court.

We are unable to learn from this record whether a judgment was formally entered or not.   The order was, however, practically a judgment, and ordinarily the formal entry of the order upon which this motion is based would include the adjudication that the appellee recover his costs.   Apparently it did, for the costs appear to have been taxed.   We have held that *mandamus* is not a proper remedy when error will lie.   The authorities are so numerous that we do not cite them.   If it be said that judgment was not entered in this case (and we cannot say that it was), that should make no difference.   A judgment would have been entered on application of

either party, and, manifestly, if the want of a judgment is to entitle parties to a remedy by *mandamus* in all cases, it would be easy to extend the remedy to all cases by postponing the entry of judgment. In Merrill, Mand. § 201, it.is said that:

"Where a judgment for the plaintiff is arrested, he should apply for a judgment against himself, and, upon refusal to grant such judgment, a *mandamus* will compel it. Then, after the judgment is granted, he can appeal."

In this case, if a judgment was rendered, a writ of error would lie, as was the practice in *Fowler* v. *Pixley* and *Willis* v. *Gimbert, supra.* If a judgment was not rendered, doubtless it would have been upon defendant's motion. Then error would have been a proper remedy. Inasmuch, however, as we have issued the order in this cause, and the parties have filed their briefs, we will dispose of the question raised.

The writ will issue, but without costs.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred. GRANT, J., did not sit.