STATE ex Rel. CONNORS, Relator, v. FOSTER, Defendant.

(No. 2,496.)

(Submitted November 23, 1907.  Decided December 2, 1907.)

[92 Pac. 761.]

*Mandamus—Clerks of District Courts—Criminal Law—Appeal —Record—Supreme Court Rules.*

Criminal Law—Appeal—Record—Clerk of District Court—*Mandamus.*
1.    *Held*, on application for writ of mandate, that the clerk of the district court must, as soon as a notice of appeal in a criminal cause *is* filed with him, proceed to prepare a copy of the record and other papers enumerated in section 2281, Penal Code, and transmit same within ten days from the date of the notice, or, in case there be a bill of exceptions to be settled, then within ten days of the date of settlement, to the clerk of the supreme court without charge to appellant, and that a præcipe enumerating the papers constituting such technical record need not be lodged with the clerk.

Supreme Court Rules—Binding Upon Whom—Appeal.
2.    The rules of the supreme court, when adopted under the limitations prescribed by section 111, Code of Civil Procedure, have the force of statutes, and are binding upon district courts and their officers in so far as such courts and officers have to do with appellate procedure.

Criminal Law—Appeal—Record—Rules of Supreme Court—Clerks of District Courts.
3.    The copy of the record which the clerk of the district court is required, by section 2281, Penal Code, to prepare upon the filing of a notice of appeal in a criminal cause, and transmit to the clerk of the supreme court, must meet the requirements of Rule VI, subdivision 2, and Rule VII of the appellate court, relative to the preparation and arrangement of transcripts on appeal.

Same—Record on Appeal—Clerks of District Courts—Compensation.
4.    *Quaere:* Is the clerk of the district court entitled to compensation from his county for the performance of the duty imposed upon him by section 2281, Penal Code, and the Rules of the supreme court, to furnish a copy of the record on appeal in a criminal cause in proper form?

ORIGINAL APPLICATION by the state, on the relation of Daniel Connors, for *mandamus* to Fred H. Foster, clerk of the district court in and for Yellowstone county to compel such officer to prepare a copy of the record on appeal in a criminal cause free of charge to appellant. Peremptory writ granted.

*Mr. C. A. Spaulding,* for Relator.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General for Defendant.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of *mandamus.* On December 5, 1906, the relator, having been convicted of the crime of rape, was by the judgment of the district court of Yellowstone county, wherein he was tried, sentenced to a term of five years in the state prison. He was at once committed to the prison, where he now is. On September 26, 1907, and within the time provided by law during which he might prosecute an appeal to this court, he perfected his appeal by causing his notice thereof to be filed with the defendant, the clerk of the district court for the county, and a copy thereof to be served on the county attorney. On the same day he caused a praecipe to be served upon and lodged with the defendant, directing him to prepare and certify a transcript of the record in the cause and enumerating the papers constituting said record. This the defendant refused to do unless the relator would pay him for the work of preparation. The district court denied a motion for an order directing the defendant to furnish the transcript. Thereupon application for relief was made to this court.

At the hearing upon the return of the alternative writ, the defendant made two contentions: (1) That, under the statute and the facts presented in the affidavit, he was not required to furnish a transcript without compensation from relator; and (2) that, though he should do so, it is not incumbent upon him to

furnish more than a certified copy of the record, and he may not be required to furnish a transcript suitable for filing in this court under the rules prescribing the form in which such transcripts must be prepared. There is no merit in either of these contentions. The statute prescribing the duty of the clerk in such case is the following: "Upon the appeal being taken, the clerk with whom the notice of appeal is filed must, within ten days thereafter, in case the bill of exceptions has been settled by the judge before the giving of said notice, but if not, then within ten days from the settlement of the bill of exceptions, without charge transmit to the clerk of the appellate court a copy of the notice of appeal, and of the record and of all bills of exceptions, instructions, and indorsements thereon; and, upon the receipt thereof, the clerk of the appellate court must file the same and perform the same services, as in civil cases, without charge." (Pen. Code, sec. 2281.)

It will be observed from an examination of this section that as soon as the notice of appeal is filed with the clerk and served upon the county attorney (Pen. Code, sec. 2275), it becomes the duty of the clerk to prepare a copy of the record and other papers enumerated, and transmit the same to the clerk of this court. This he must do within ten days from the date of the notice, or the date of the settlement of the bill of exceptions. There is no requirement that the appellant shall file a praecipe indicating his desire upon the subject. The filing and service of the notice makes this duty imperative, and the clerk must do so without charge; for the language is, "without charge transmit," etc.

But the defendant insists that he must do this only in cases where a bill of exceptions has been settled. It is clear, however, that the reference to the bill of exceptions is not to limit the duty required of the clerk, but to fix the time when the duty becomes imperative.

It cannot be gathered from the section that it was the intention of the legislature to permit a defendant to appeal without cost of a transcript, if he has had a bill of exceptions set-

tled, but may not do so if he wishes to present his case for review upon the technical record only. Such a construction of the provision would be absurd, and would in large measure defeat one of its main purposes, to-wit, to enable any defendant in a criminal case to appeal without payment of the cost of a transcript.

It is manifest, also, that the copy to be furnished by the clerk is to be used in this court for the purposes of the appeal; else the statute would not require it to be lodged with the clerk of this court, and require him to file it. The clerk must, therefore, not only prepare the transcript, but must put it in the form required by the rules of this court. (Rule VI, subd. 2, Rule VII, 30 Mont. xxix, 82 Pac. viii.) These rules, when adopted under the limitation prescribed by the statute (Code Civ. Proc., sec. 111), have the force of statutes and become binding upon the courts and litigants alike. (*State ex rel. Nissler* v. *Donlan,* 32 Mont. 256, 80 Pac. 244; *Montana Ore Pur. Co.* v. *Boston & Mont. Con. C. & S. Min. Co.,* 27 Mont. 288, 70 Pac. 1114.) Further, they are binding upon the district courts and their officers in so far as these courts and officers have to do with matters of appeal and appellate procedure. (*Montana Ore Pur. Co.* v. *Boston & Mont. Con. C. & S. Min. Co.,* 33 Mont. 400, 84 Pac. 706.)

While the rules cited do not in terms undertake to regulate the conduct of clerks of district courts, yet, in view of the fact that the duty involved here is prescribed by the statute, *supra,* it necessarily follows that the clerk must pursue the mode prescribed by them.

Whether the defendant is entitled to compensation from the county for the performance of the duty imposed upon him by the statute and the rules we do not decide, because it is not before us.

Let the peremptory writ issue.

*Writ granted.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.