HEINTZEN v. GAULT.

1. Dismissal and Nonsuit—Dismissal of Actions—Failure to Notice Case for Trial.

Since the adoption of Circuit Court Rule 13, authorizing either party to notice cases for trial, the reason for dismissing actions for want of prosecution upon failure to serve notice of trial, no longer exists.

2. Same — Excuses for Delay — Summary Proceedings — Justices of the Peace—Appeal.

Following judgment of ouster in summary proceedings before a justice, defendants appealed, and the complainant filed a bill in chancery to declare the lease under which defendants held possession forfeited. No notice of trial was served in the appeal case during several terms of court, and until after a decree was entered in the chancery case. Also, complainant did not enter her appearance in the circuit court until about nine months had elapsed. Ten days after she entered her appearance, defendant-appellants noticed the cause for trial. Held, that whatever delay occurred was chargeable to complainant's proceedings in chancery, and, on the merits, a motion to dismiss the appeal in the summary proceedings for want of prosecution was erroneously granted.

Error to Wayne; Donovan, J. Submitted October 15, 1912. (Docket No. 88.) Decided March 20, 1913.

Summary proceedings by Ida B. Heintzen against Frank Gault and another for the recovery of possession of real property. From a judgment for complainant, defendants appealed. The circuit court dismissed the appeal for want of prosecution. Defendants bring error. Reversed.

*George W. Coomer*, for appellants.

*Frank W. Atkinson* and *Ari E. Woodruff*, for appellee.

McAlvay, J. Complainant filed her complaint before a justice of the peace of the township of Ecorse, Wayne

county, under the statute authorizing summary proceedings for such purpose to obtain possession of certain premises, consisting of a farm of 100 acres, held by defendants under a written lease from complainant, averring that they were unlawfully holding the premises, contrary to the terms of said lease, and that she was entitled to possession. Upon this petition the usual summons was issued, and the case was heard before the justice's court June 7, 1910, and a judgment rendered in favor of complainant against the defendants. On June 11th following, defendants appealed from such judgment, as provided by statute, and furnished the statutory bond in the penal sum of $1,000, which said appeal, together with said bond, was duly returned by said justice and filed in said circuit court June 25, 1910. An appearance for complainant was not filed and entered in the circuit court until March 21, 1911, and on the 31st day of the same month the cause was listed for trial by defendants. Between that date and April 15th following (the exact date does not appear), a motion in the nature of a petition was filed by complainant, which was not sworn to, to dismiss the appeal for want of prosecution. No affidavits were filed in support of this motion. The motion was resisted by defendants upon the affidavit of one of their attorneys in the case, showing, among other things, that on June 10, 1910, after judgment in justice's court and before the appeal was returned to the circuit court, complainant filed her bill of complaint in the circuit court for the county of Wayne, in chancery, against defendants, wherein she prayed as part of the relief sought that the court declare defendants to have forfeited the lease of the premises in question, which is involved in the instant case; that defendants demurred to such bill of complaint, and the demurrer was sustained in so far as the prayer for cancellation of the lease was concerned, and the bill allowed to stand as an injunction bill. Thereupon defendants' attorneys listed the instant case for trial.

On the hearing of such motion, over the objection of

defendants, complainant was allowed to testify at length relative to the land, what property defendants had there, that they had vacated the farm, and that she, with a small boy 10 years old, looked after and cared for the premises, to which the court allowed no cross-examination. Her testimony contradicted the statement in her petition that defendants continued in possession of the premises. The result of such hearing was an order and judgment dismissing the appeal for want of prosecution, and the court held that they had abandoned the land and violated the terms of the lease, and remanded the case to the justice's court for further proceedings. From this judgment the defendants have, by writ of error, removed the case to this court.

Although several errors are assigned, the appellants confine themselves to the proposition that the court erred in dismissing the appeal, and that the final order and judgment of the court is not in accordance with the law.

The defendants had perfected their appeal from justice's court, and filed the bond required by statute in the penal sum of $1,000. No claim is made that in making such appeal there were any defects or irregularities affecting the jurisdiction of the circuit court. The only ground for the motion of which this court will take cognizance is the claimed failure to prosecute said appeal. In the petition of complainant and her testimony, which the court admitted, but upon which no cross-examination was allowed, and also in the opinion and order and judgment much matter appears which has been presented, but, as it is entirely foreign to the question involved, it requires no consideration.

The question has been passed upon by this court, and it has been held that since the adoption of Circuit Court Rule 13, authorizing both parties to notice cases for trial, the reason for dismissing a case for want of notice no longer exists. *Abe Stein Co.* v. *Wood*, 151 Mich. 657 (115 N. W. 1046). See, also, *Detroit, etc., R. Co.* v. *Eaton Circuit Judge*, 128 Mich. 495 (87 N. W. 641).

Upon the merits of the motion, it appears that whatever delay occurred is chargeable to complainant by her proceedings on the chancery side of the court. After the demurrer was sustained relative to the cancellation of the lease, and she caused her appearance to be entered, defendants immediately noticed the case for trial. The motion was entirely without merit. The court was therefore in error in dismissing the appeal.

The order and judgment of the circuit court is reversed, and said appeal reinstated.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.