AMERICAN BOAT CO. *v.* ST. CLAIR CIRCUIT JUDGE.

1. MANDAMUS—JUSTICES OF THE PEACE—APPEAL TO CIRCUIT COURT —JUDGMENT.

Mandamus is the proper remedy to review the action of the circuit court in dismissing an appeal from the justice's court, where appellant desires to retry the issue determined in justice's court, since the order of the circuit court is not the end of the matter, but the judgment of the justice's court stands and may be enforced by process.

2. JUSTICES OF THE PEACE—APPEALS—PORT HURON CHARTER—CONSTRUCTION.

A provision of the charter of the city of Port Huron providing that no appeal shall be taken from the justice's court except when said justice shall disallow any claim in favor of any plaintiff or defendant in any cause to the amount of $50, or when said justice shall render a judgment to the amount of $50, exclusive of costs, applies to all cases, whether tried by the justice or by a jury.

3. SAME—APPEALS—JURISDICTION—RECORD—DISMISSAL.

The jurisdiction of the circuit court to determine the appeal depends upon whether the record disclosed either a judgment for $50 or the allowance or disallowance of a claim, asserted by either party, to the amount of $50, in

the latter case the aggrieved party alone having the right to appeal; so, where plaintiff sued for $29.01 and judgment was entered in favor of defendant on his counterclaim of $176.25 for $37.50, the record failed to show a state of facts entitling plaintiff under the statute to appeal, and his appeal was properly dismissed.

Mandamus by the American Boat Company against Harvey Tappan, circuit judge of St. Clair county, to compel respondent to vacate an order dismissing an appeal from justice's court. Submitted November 24, 1916. (Calendar. No. 27,451.) Writ denied December 21, 1916.

*James A. Muir,* for relator.

*Chester L. Benedict,* for respondent.

The petition for the writ sets out that in an action of assumpsit in justice's court, in the city of Port Huron, the plaintiff limited his recovery, by a bill of particulars of his demand, to the sum of $29.01, and the defendant under the general issue gave notice of set-off and filed a bill of particulars of his demand in the sum of $176.25; that the issue joined was tried by a jury, which returned a verdict for defendant in the sum of $37.50, upon which judgment was duly entered; that plaintiff claimed and duly perfected an appeal to the circuit court for St. Clair county, in which court, upon motion of the defendant, the said appeal was dismissed for the reason that the charter of the city of Port Huron provides that no such appeal shall be taken, except:

"*First.* When said justice shall disallow any claim in favor of any plaintiff or defendant in any cause in the said justice's court in whole or in part, to the amount of fifty dollars.

"*Second.* When said justice shall render a judgment to the amount of fifty dollars exclusive of costs; in either of which cases the party aggrieved may appeal."

The return to the order to show cause admits, in substance and effect, the facts set up in the petition, but appended to the answer, and referred to therein, is the affidavit and bond on appeal and the return of the justice on appeal. Neither the affidavit on appeal nor the return of the justice furnishes all the facts so set out and admitted. The return does not show that defendant did more than plead the general issue, nor does it show that either party filed a bill of particulars, nor what the precise claim of either party was. It does show that a judgment for defendant for $37.50 was entered, but is silent upon the subject of a verdict. In the affidavit for appeal it is stated that a final judgment was rendered, disallowing plaintiff's claim of $26.68, and giving defendant judgment for $37.50 and costs. The order of the circuit court does not appear in the record.

It is the contention of respondent: *First,* that mandamus is not the proper remedy; *second,* that, in any event, the action of the trial court was right. Relator contends that the charter provision does not refer to cases tried by a jury, but only to those determined by the justice; that the statute is uncertain, ambiguous, and meaningless, and should not be held to be sufficient to repeal the general law governing appeals from justice's judgments; and that, in any event, the justice (or the jury) disallowed a claim in favor of plaintiff to the amount of $50, since plaintiff (relator) suffered more than $50 of damage by the judgment—losing $29.01 of his demand, and being subjected to $37.50 of defendant's disputed demand.

OSTRANDER, J. (*after stating the facts*). 1. Mandamus is the proper remedy, because it is really the only adequate remedy. Appellant desires to retry the issue determined in justice's court. If the order denying the right is reviewed by writ of error, and reversed,

the cause must then be remanded for trial, with the right to review the final judgment by writ of error. By analogy, the case is most like one in which a delayed appeal is claimed, and is refused by the circuit court. In both cases the circuit court declines to take jurisdiction. In neither case does the order of the circuit court end the matter, because the judgment stands as the judgment of the justice's court, to be enforced by its process. The case is manifestly unlike some of those cited and relied upon in the brief for respondent, in which the action of the circuit court sought to be reviewed is based upon something occurring in that court, as where an appeal is dismissed for want of prosecution. *Fowler* v. *Pixley,* 25 Mich. 513, *Willis* v. *Gimbert,* 27 Mich. 91, and *Detroit, etc., R. Co.* v. *Eaton Circuit Judge,* 128 Mich. 495 (87 N. W. 641), are such cases. And, unlike *Stall* v. *Diamond,* 37 Mich. 429, affidavits are required here to show that error was committed, if there was error. The return of the justice does not contain all of the facts relied upon.

2. The provision of the charter above referred to is interpreted as applying to all cases, whether tried by the justice or by a jury.

3. The meaning of the proviso limiting appeals is not, perhaps, entirely plain. The justices have jurisdiction, in assumpsit, to render judgment for any amount not exceeding $500. If a judgment for $50, or more, is rendered, either party, feeling aggrieved, may appeal. But the existence of judgment, for one party or the other, for $50 or more, does not, in all cases, determine the right to appeal. If so much of the *claim* of either is *disallowed,* the aggrieved party may appeal. It is clear that a judgment for $50 might be rendered in a case in which the plaintiff, asserting a claim for $10, is met by a counterclaim for $60. Suppose a plaintiff asserts a claim for $40, and is met by a

counterclaim of $30, and a general verdict for defendant of $10 is returned, and a judgment for that sum entered for defendant. In such a case there is neither a judgment for $50, nor has the *claim* of either party been disallowed to the amount of $50, nor can it be ascertained how much of either original demand is allowed. It may be that all of plaintiff's demand and all of the counterclaim, excepting $10, were disallowed. It may be that all of the counterclaim and $20 of plaintiff's claim were allowed. In either event, the plaintiff is apparently unfavorably affected to the amount of $60 by the judgment. The uncertainty concerning how much of each of counterclaims has been allowed, when it exists, furnishes support for the argument that the appellate court, in determining whether an appeal has been properly taken, must in all cases consult and be bound by the record. The jurisdiction of the circuit court to determine the appeal depends upon whether the record discloses either a judgment for $50 or the allowance or disallowance of a claim, asserted by either party, to the amount of $50; the aggrieved party, in the second case, having alone the right to appeal. This is what the statute says, and, in my opinion, this must be the meaning given to it. In determining whether a *claim* of either party has been disallowed, the asserted claim of each must be contrasted with the judgment which was entered, unless it appears that for some reason (and usually it would be because of some ruling of the justice) the claim, or counterclaim, as the case may be, or some of it, was ordered withdrawn and excluded from consideration by the court or jury.

Aside from the particular language employed in the statute, this conclusion is sustained by the consideration that if the amount in controversy, or the amount involved, or the respective claims of the parties, was the intended test, appropriate language to that effect

would have been employed, although, where statutes have been so framed, differences of opinion exist concerning the right to consider, in determining the right to appeal, opposing claims of the parties.   See the text and notes, 2 Cyc. p. 566 *et seq.*

I conclude that the court rightly dismissed the appeal, and that the writ should be denied, with costs.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.   PERSON, J., did not sit.