ROUSH, Petitioner, *v.* DISTRICT COURT et al., Respond-
ENTS.

(No. 7,517.)

(Submitted December 18, 1935.   Decided December 30, 1935.)

[53 Pac. (2d) 96.]

*Messrs. O'Leary & Stromnes,* for Petitioner, submitted a brief;
*Mr. Einar Stromnes* argued the cause orally.

*Messrs. Speer & Hoffman,* for Respondents, submitted a brief;
*Mr. Harvey B. Hoffman* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an original proceeding brought by petitioner to secure a writ of mandate to compel the district court to set the cause of *Roush* v. *Chester* for trial in department No. 2 of the district court of Cascade county. The respondent court filed answer, admitting many allegations of the petition and denying others. At the time the alternative writ was issued, it was understood by this court that none of the facts were in dispute. In accordance with the established practice of this court in like circumstances, we will consider the cause on the facts which are admitted and disregard the allegations of the petition which are denied in the answer. (*Rider* v. *Cooney*, 94 Mont. 295, 23 Pac. (2d) 261.)

The petitioner here, who was the plaintiff in the court below, filed her complaint in the district court of Cascade county where she and the defendant therein, Roy Chester, resided, setting forth a cause of action in tort for personal injuries arising out of a highway accident which occurred on December 4, 1934, and alleged to have been proximately caused by the negligence of Chester. On September 18, 1935, by leave of court the plaintiff filed her first amended complaint which was served on counsel for defendant. Thereafter, on October 24, 1935, defendant filed his answer to the amended complaint, denying many of the allegations and affirmatively pleading three defenses. By order of the district court a calling of the calendar for cases at issue was set for Friday, November 1, 1935, and on that date this cause was set for trial to commence on December 2, 1935. It

appears that counsel for the respective parties were in court on the day of the calling of the calendar and the setting of the cause for trial. According to the petition of plaintiff filed here, counsel for the defendant was there present and consented or acquiesced to the setting of the cause for trial. The answer of the court admits the presence of counsel for the defendant, but denies either agreement or acquiescence in the setting of the cause for trial. Thereafter, on November 8, 1935, respective counsel stipulated in writing that the plaintiff might have twenty days from that date within which to serve and file a reply to the affirmative defenses set forth in the answer. On November 12, 1935, without leave of court, counsel for the defendant served and filed an amended answer. On November 16 thereafter plaintiff filed her reply to the amended answer. On November 12, 1935, counsel for defendant served and filed a written motion seeking the vacation of the setting of the case of *Roush* v. *Chester* on the ground that it was not at issue, and for the further reason that at the calling of the calendar the action was inadvertently set for trial without the request or consent of the defendant. This motion, without hearing of any evidence in support of it, was by the court granted.

The petitioner here contends that under the statutes and rules of the court obtaining in Cascade county, when the answer was filed issue was joined or the case was at issue, so that it was incumbent upon the court to set it for trial. The respondents contend that under these statutes and rules of court, the cause was not at issue and, therefore, the motion seeking to vacate the setting was properly granted.

Rules of the district court, when not in conflict with any statute, have the effect of law. (*State ex rel. Hansen* v. *District Court,* 72 Mont. 245, 233 Pac. 126; *State ex rel. Nissler* v. *Donlan,* 32 Mont. 256, 80 Pac. 244.)

Section 9326, Revised Codes 1921, provides: "An issue of fact arises in either of the following cases: 1. Upon a denial, contained in the answer, of a material allegation of the complaint; or upon an allegation, contained in the answer, that the defendant has not sufficient knowledge or information to form a

belief, with respect to a material allegation of the complaint; 2. Upon a similar denial or allegation, contained in the reply, with respect to a material allegation of the answer; 3. Upon a material allegation of new matter, contained in the answer, not requiring a reply, unless an issue of law is joined thereupon; 4. Upon a material allegation of new matter, contained in the reply, unless an issue of law is joined thereupon.'' The pertinent portion of section 9330 declares that ''the clerk must enter causes upon the calendar of the court according to the date of issue.''

The portion of rule 8 of the district court which is here applicable reads as follows: ''A calendar to be called the 'General Calendar' will be made by the clerk at least ten days before a regular jury term. It shall contain all causes in which issues of fact have been joined and in which all demurrers and motions have been disposed of. No cause will be entered on the General Calendar after such term begins, except by consent of all the parties and the court, and no cause not at issue will be placed on the General Calendar.''

Petitioner argues that under the provisions of subdivision 1 of section 9326, supra, an issue of fact arose on the filing of the answer, and therefore the date of issue referred to in section 9330 was the date of the filing of the answer, and thereupon the case became at issue on that date within the real meaning of rule 8.

It is true that in certain circumstances under our system of pleading, when the answer is filed no further pleadings are necessary, and clearly in such a case it would be at issue on the filing of an answer. In the case of *Roush* v. *Chester* it appears that the answer contains certain affirmative defenses or new matter to which the plaintiff has replied. When the parties to a suit have filed all their pleadings and pleading has ended, the case is at issue. (Andrew Stephens on Pleading, 2d ed., 147; 2 Cooley's Blackstone, 1091; Black's Law Dictionary, 657; *Dickerson* v. *Stoll*, 24 N. J. L. 550.)

On the date of the calling of the calendar and on the twelfth day of November, 1935, the opening day of the term of court in Cascade county, plaintiff had not replied to the answer

then on file containing affirmative defenses or new matter. The pleading in the case had not ended; it was not at issue. The date of issue had not arrived, and therefore the case was improperly placed on the trial calendar. The trial court properly granted the motion to vacate the setting.

The writ is denied and the proceeding dismissed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.