SULLIVAN, Respondent, v. BOARD OF COUNTY COMMISSIONERS OF SILVER BOW COUNTY, Appellants.

No. 8966.

Submitted October 11, 1950. Decided November 17, 1950.

224 Pac. (2d) 135.

Mr. Arnold H. Olsen, Attorney General, Mr. H. D. Carmichael, Asst. Atty. Gen., and Mr. Charles V. Huppe, Asst. Atty. Gen., all of Helena, Mr. James D. Freebourn, County Attorney, Mr. J. Frank Sullivan, Deputy County Attorney, Butte, for appellant. Charles V. Huppe, Asst. Atty. Gen. argued the case orally.

Mr. Joseph J. McCaffery, Jr., Messrs. McCaffery and Roe, Mr. Thomas F. Kiely, Butte, for respondent. Mr. McCaffery and Mr. Kiely argued the case orally.

MR. JUSTICE BOTTOMLY:

This is an appeal from a judgment.

The facts pertinent here are as follows: That one Marian Elizabeth Cole was accused, tried and convicted of the crime of murder. She filed a pauper's affidavit for an order to have furnished to her, without cost, a transcript of the record to enable her to appeal to this court.

The district court ordered "that the official stenographer * * * prepare and furnish to the defendant a full and complete transcript on appeal [including two originals and six copies] to the Supreme Court * * *." Thereupon F. J. Sullivan, the official court stenographer prepared the transcript as ordered and delivered the same to the defendant's attorney. The transcript contained 9,775 folios for which the stenographer charged the rate of 5¢ per folio, making a total cost of $488.75, for which he presented his claim to the county auditor of Silver Bow county, Montana which was approved by the auditor's office for the sum of $488.75.

Thereafter the board of county commissioners passed upon the claim and approved it in the sum of $97.75, but disapproved of the balance claimed in the sum of $391, whereupon the stenographer F. J. Sullivan brought this suit to recover such balance of $391.

On July 11, 1949, the district court gave and entered judg-

ment for the plaintiff Sullivan and against the defendant County of Silver Bow for the balance of $391 and interest from August 10, 1948, and for plaintiff's costs.

From such judgment the defendant county has appealed.

While defendant specifies various errors, only one is vital to a determination of the case, that being the specification assigning error in the entering of the judgment.

Defendant contends that under R. C. M. 1947, section 93-1904, the county was liable only for the costs of furnishing one copy of the stenographic notes taken at the Cole trial and that the district court was without authority to order the court stenographer to supply the defendant Cole with two originals and six copies of the transcript. The board of county commissioners adopted the same view in disallowing $391 of the claim.

The evidence introduced at the trial is before us. Thus the question here presented is the authority of the district court to make its order of May 8, 1948 for the various copies of the transcript. The defendant relies upon R. C. M. 1947, section 93-1904, as authorizing only one copy.

In analyzing section 93-1904, supra, we find that it provides, among other things, that such stenographer specified in this chapter (district court stenographer) must likewise, upon request, furnish, with all reasonable diligence, to the defendant in a criminal cause, a copy, written out at length, from his stenographic notes, of the testimony and proceedings *upon the trial or hearing,* and upon the payment by the person requiring the same, the sum of five cents per folio for the copy written out at length. If the *county attorney* or *attorney general* or *judge* requires such copy in a criminal cause, the stenographer is entitled to his fees therefor; *but he must furnish it,* and upon furnishing it, *he shall receive* a certificate in the sum to which he is so entitled, which is a county charge, and *must be paid by the county treasurer upon the certificate like other county charges.*

It is pertinent to note that the statute commands this charge to be paid by the county treasurer upon the certificate therefor.

The last sentence of the section provides: "If it appears to the judge that a defendant *in a criminal case* is unable to pay for such copy, the same shall be furnished him and paid for by the county." Emphasis supplied.

It will be observed from the terms of section 93-1904, supra, and the history thereof, that this section only governs the furnishing of copies of the transcript of record for use in the trial court and that it has nothing to do with appeals to the supreme court.

We find that the legislature has studiously refrained from enacting any statute in regard to the number of copies of the transcript, briefs, or other such matters necessary on appeal to this court, and rightly so, recognizing the fact that this court is better qualified to judge its needs in this respect and it is amply empowered to promulgate the necessary rules to require that such needs be supplied. Sec. 1, Art. IV, Constitution of Montana; State ex rel. Schneider v. Cunningham, 39 Mont. 165, 101 Pac. 962.

Where, then, do we find the authority and power of the district court to make the order and judgment complained of?

First we go to the substantive law contained in section 6 of Article III of our state Constitution which declares: "*Courts of justice shall be open to every person,* and a speedy remedy afforded for every injury of person, property, or character; and that right and justice *shall be administered without sale, denial, or delay.*" Emphasis supplied.

Second, the rules of this court are binding on judges of the district court as well as litigants. State ex rel. Connors v. Foster, 36 Mont. 278, 281, 92 Pac. 761.

On appeals to this court Rule II, subd. 4, provides in part as follows: "Six copies of each transcript * * * must be lodged with the Clerk of this Court for filing. If typewritten, two of the six must be typewriter originals (not carbon copies) for permanent filing in the Clerk's office and the State Law Library, and the other four may be plainly legible carbon copies."

The last paragraph of Rule III of this court provides: "In criminal appeals and in all other cases in which the Attorney General or a county attorney is required by virtue of his office to appear, the service shall be made upon both for the state, subdivision, public officer, or agency for which or whom he appears." R. C. M. 1947, sec. 93-502; Montana Ore Purchasing Co. v. Boston & Montana Consol. Copper & Silver Min. Co., 33 Mont. 400, 405, 84 Pac. 706.

The reason for leaving to the courts the authority and the rule-making power in such instances is manifest to every attorney—it was to impose on the judiciary the responsibility of good housekeeping practices, in seeing that the courts function effectively, promptly and in the public interest.

Every person convicted of crime in Montana has the constitutional right to appeal to this court under the provisions of law and the rules of this court. It would therefore be a violation of both the spirit and letter of the provisions of section 6 of Article III for a trial court in a proper case and upon a proper showing as here, to refuse to make such order for the required copies of the record to enable the convicted person to perfect his appeal.

It should be noted in passing that in Shea v. North-Butte Min. Co., 55 Mont. 522, 533, 179 Pac. 499, 502, this court said of section 6, Article III: "A reading of this section discloses that it is addressed *exclusively* to the courts. The courts are its sole subject-matter, and it relates directly to the duties of the judicial department of the government. It means no more nor less than that, under the provisions of the Constitution and laws constituting them, *the courts must be accessible to all persons alike, without discrimination,* at the time or times, and the place or places, appointed for their sitting, and afford a speedy remedy for every wrong recognized by law as being remediable in a court." Emphasis supplied.

The intent and spirit of our laws are not only to secure to the accused a full and fair trial in the district court, but also

on proper and timely appeal to have his conviction here reviewed.

Where a defendant in a criminal case is a pauper or without ▮ the means of perfecting an appeal to this court, as appears in this case, such accused is entitled to all of the record necessary and required to perfect his appeal under the Constitution, the law and the rules of this court and without cost to such defendant. Such costs are a proper charge against the county. In other words, justice in Montana is the right of the poor as well as the right of the rich, and this right is his regardless of whether he is innocent or guilty. He has this right and he cannot be lawfully deprived of it, even though he be the poorest and most unpopular person in the state. He can depend upon the Constitution that justice in Montana is not for sale and that no one can be deprived of his right of appeal because he is unable to pay for such services.

The district court had the authority and acted within jurisdiction in issuing the order directing the official court stenographer to furnish to the convicted person a full and complete transcript on appeal including the number of copies required for the appeal under the rules promulgated by this court.

The district court is a court of record and its order as made was to allow the convicted person to bring her record before this court for review and enable both the district and supreme court to properly administer the law and conduct their business.

An agency of the executive branch of government composed of laymen is not empowered to interpret for the court the applicable provisions of the Constitution, statutes and the lawfully promulgated rules of the judiciary—nor is such board empowered or authorized to set aside, annul or disregard the orders, decrees or judgment given or made by a court of record in the furtherance of justice and in compliance with the rules of this court and the mandate of the Constitution.

The court under such facts is not a suppliant petitioner for the necessaries required to enable it to operate and discharge its

duties under the law. The board of county commissioners clearly usurped functions which belonged only to the judiciary, and its action is null, void and of no effect. See State ex rel. Schneider v. Cunningham, supra.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES FREEBOURN, ANGSTMAN and METCALF, concur.