IN RE HANSON'S ESTATE (TWO CASES).

HANSON, ET AL., APPELLANTS, v. HANSON, RESPONDENTS, (TWO CASES).

Nos. 9321 - 9321A.

Submitted May 20, 1954. Decided July 29, 1954.
Rehearing Denied July 30, 1954.
Motion to Recall Remittitur Denied August 24, 1954.
273 Pac. (2d) 103.

Mr. Jerry J. O'Connell, Great Falls, for appellant.

Mr. R. K. West, Messrs. Jardine, Chase and Stephenson, Mr. Alex Blewett, Jr., Great Falls, for respondent.

Mr. O'Connell and Mr. Blewett argued orally.

MR. CHIEF JUSTICE ADAIR:

On recall of the remittitur issued in these consolidated appeals the original opinion pronounced by this court on July 13, 1954, is withdrawn and the following is ordered substituted therefor as the opinion of the court herein.

Gabriel Hanson and Adina Hanson were husband and wife and residents of Cascade County, Montana.

In the year 1952 both Gabriel and Adina died intestate in Cascade County wherein each left estate.

Adina's death occurred on April 28, 1952, and that of Gabriel occurred on October 27, 1952.

No person is competent or entitled to serve as administrator or administratrix in this jurisdiction who is not a bona fide resident of the State of Montana. R. C. M. 1947, sec. 91-1405.

Decedents' son, Edwin Hanson, then 35 years of age, and decedents' daughter, May E. Hanson, then 26 years of age, were the only heirs of decedents who were bona fide residents of the State of Montana at the time and times here involved, both Edwin and May E. then being actual and bona fide residents of Cascade County, Montana.

In November 1952, being shortly after the demise of Gabriel Hanson, the daughter, May E. Hanson, and the son, Edwin Hanson, separately and individually petitioned the district court of Cascade County for the issuance of letters of administration in the estates of their deceased parents and May E. Hanson filed written objections to the petitions of Edwin Hanson and to his requested appointment as administrator while Edwin Hanson filed written objections to the petitions of May E. Hanson and to her requested appointment as administratrix of said estates.

The district judge, sitting without a jury, held extensive hearings on said respective objections and petitions during the course whereof the testimony of numerous witnesses was heard.

Following such hearings the district court on January 8, 1953, made and caused to be entered and filed with the clerk of that court in the matter of each estate its decree and order adjudging: That the objections to the petitions of Edwin Hanson be denied; that the petitions of May E. Hanson seeking the issuance to her of letters of administration be dismissed; that the petitions of Edwin Hanson to administer said estates be granted and that Edwin Hanson be appointed administrator and that letters of administration issue to him in said estates upon his giving bond in the amount specified in such decrees and orders. R. C. M. 1947, sec. 91-1402.

These are consolidated appeals from the above decrees and orders so made and entered on January 8, 1953.

The decrees and orders are appealable under the express provisions of R. C. M. 1947, sec. 93-8003, subd. 3.

The statute, R. C. M. 1947, sec. 93-8004, subd. 4, requires that such appeals be taken within sixty days after the decrees and orders were made, or entered or filed with the clerk.

On January 10, 1953, being the second day after the making, entering and filing of the decrees and orders, the notices of appeal and undertakings perfecting the appeals were duly served and filed.

The transcript on the consolidated appeals was not served upon counsel for the adverse parties until July 17, 1953, nor was such transcript filed in the office of the clerk of the supreme court until July 21, 1953, the latter date being 191 days after January 10, 1953, whereon the appeals herein were perfected.

An appeal is perfected by serving and filing notice of appeal and the required undertaking. See Henderson v. Drake, Cal. App., 255 Pac. (2d) 875, and In re Sullivan's Estate, 38 Ariz. 387, 300 Pac. 193.

Rule VI of the current published rules of the supreme court (formerly Supreme Court Rule IV) providing that the "transcript shall be served and filed within *sixty days* after the appeal is perfected or the appeal will be subject to dismissal on motion of the adverse party," has the force of a statute.

In Hale v. Belgrade Co., 74 Mont. 308, 310, 240 Pac. 371, this court, after quoting the above court rule, said: "The rule has the force of a statute." Also see State ex rel. Nissler v. Donlan, 32 Mont. 256, 261, 262, 80 Pac. 244; State v. Kacar, 74 Mont. 269, 276, 240 Pac. 365; Roush v. District Court, 101 Mont. 166, 53 Pac. (2d) 96; State ex rel. Magnuson v. District Court, 125 Mont. 79, 85, 231 Pac. (2d) 941, 944.

On July 13, 1953, being prior to the service of appellants' transcript on the consolidated appeals and prior to the filing of such transcript in the supreme court, the respondent filed in this court his motion to dismiss the appeals urging, *inter alia,* that appellants had failed to comply with Rule VI, subd. 2, of the supreme court requiring the transcript to be filed in the office of the clerk of such court within sixty days after the appeals were perfected and that no additional time had either been requested or granted within which to file such transcript

The transcript on the appeals was not filed within sixty days after the appeals were perfected,—no extension of time was

requested or allowed and the appeals must be dismissed. Brubeck v. City of Billings, 102 Mont. 608, 63 Pac. (2d) 639; Meyer & Chapman State Bank v. Souders, 115 Mont. 605, 155 Pac. (2d) 612. Compare Hutton v. Union Central Life Ins. Co., 102 Mont. 606, 63 Pac. (2d) 639; McCargar v. New Amsterdam Cas. Co., 105 Or. 308, 209 Pac. 478; East Standard Min. Co. v. Devine, 59 Nev. 134, 81 Pac. (2d) 1068, 85 Pac. (2d) 1016; School Board of Dist. No. 4, Cool County v. Yalch, 182 Okl. 605, 79 Pac. (2d) 223; Sayre v. Roberts, 53 Wyo. 491, 84 Pac. (2d) 718; Snider v. Rhodes, 53 Wyo. 157, 79 Pac. (2d) 481; Detroit G. R. & W. R. R. Co. v. Eaton, 128 Mich. 495, 87 N. W. 641; State v. Arnold, 51 N. M. 311, 183 Pac. (2d) 845; Tourkow v. Hoover, 122 Ind. App. 676, 108 N. E. (2d) 195; 4 C. J. S., Appeal & Error, sec. 428, p. 884.

Respondent's motion to dismiss the appeals is granted. The appeals are ordered dismissed and remittitur will issue forthwith. It is so ordered.

MR. JUSTICES BOTTOMLY, FREEBOURN and ANDERSON concur.

MR. JUSTICE ANGSTMAN (dissenting):

I think under Rule VI, sec. 2, of this court which in part reads, ''but if it appear that the delay has been without laches on the part of appellant, his appeal will not be dismissed for such delay until reasonable time has been allowed for filing the record,'' and pursuant to our policy of deciding cases on their merits we ought not dismiss the appeal for delay in filing the transcript on appeal under the facts here presented.

Order Denying Motion to Recall.

PER CURIAM.

Appellants' motion, filed herein August 12, 1954, seeking an order to recall remittitur and reinstate the appeals heretofore dismissed, is denied. This court's order dismissing both appeals stands.