THE FIRST NATIONAL BANK OF MISSOULA, PLAINTIFF AND RESPONDENT, *v.* SAM MERCER, DEFENDANT AND APPELLANT, AND J. WILLIAM MERCER, DEFENDANT.

No. 9452.
Decided February 2, 1955.
279 Pac. (2d) 695.

Messrs. Shallenberger & Paddock, Missoula, for appellant.
Messrs. Smith, Boone & Rimel, Missoula, for respondent.

MR. CHIEF JUSTICE ADAIR:

On February 18, 1954, a money judgment on a jury's verdict was given and entered in the district court of Missoula County against the defendant Sam Mercer in civil action No. 19481 then therein pending entitled The First National Bank of Missoula, plaintiff v. Sam Mercer and J. William Mercer, defendants.

On March 19, 1954, the defendant Sam Mercer perfected an appeal from the above judgment by serving and filing his notice of appeal and by filing an undertaking on appeal in the office

of the clerk of said district court. Thereafter 117 days passed with no transcript on appeal served or filed and no extension of time therefor either requested or allowed.

On July 14, 1954, plaintiff's counsel served and filed in the office of the clerk of the supreme court a written motion to dismiss the appeal on the ground of laches which motion was supported by the affidavit of Russell E. Smith, Esq., of counsel for plaintiff, made and subscribed on July 2, 1954, wherein the affiant deposes that while the defendant Sam Mercer took and perfected his appeal from the judgment on March 19, 1954, no time in addition to that prescribed by the statute was procured from or allowed by the district court for the preparation and service of a bill of exceptions; that appellant failed to serve or file his transcript on appeal within the sixty days allowed therefor by subdivision 2 of Rule VI of this court; that as of the date of the making and subscribing of the supporting affidavit, no transcript on appeal had been served and that the sixty days allowed by Rule VI of this court was more than sufficient time within which to prepare appellant's transcript on appeal should such transcript contain no bill of exceptions.

On July 21, 1954, plaintiff's counsel filed in the office of the clerk of the supreme court an amended motion to dismiss the appeal accompanied by a duly certified copy of the notice of appeal and a certificate by the clerk of the district court that on March 19, 1954, an undertaking on appeal in due form was filed in such clerk's office.

The clerk of the district court further certified:

"7. The appellant presented a purported transcript on appeal containing copies of a portion of the pleadings and other documents. The same was returned by the Clerk for further work without certification.

"8. That no application for an extension of time within which to prepare, serve and file a Bill of Exceptions appears of record and that no Order granting time to prepare, serve and file a Bill of Exceptions appears of record."

On August 10, 1954, counsel for the defendant Sam Mercer

caused to be filed in the office of the clerk of the supreme court appellant's purported transcript on appeal comprising but nineteen typewritten pages. The transcript contains no bill of exceptions nor does it contain a judgment roll as required by R. C. M. 1947, sec. 93-5608.

On August 10, 1954, appellant's counsel also caused to be filed in the office of the clerk of the supreme court the affidavit of Edward M. Wontor, the duly appointed, qualified and acting court reporter of the district judge before whom the cause was tried wherein the affiant Wontor deposes that he reported the evidence at the trial of the cause; that immediately after the entry of judgment the defendant Sam Mercer through his attorney's filed notice of appeal and directed the affiant to prepare a transcript for appeal purposes, but "that due to the press of business in the Court * * * and due to the fact that affiant has been reporting other cases and has been constantly engaged in stenographic work for the" presiding judge "affiant has been unable, within the time allowed by law to complete the transcript on appeal. That affiant was forced to turn the work over to another stenographer for purposes of completion and *the work has been wholly completed by the other stenographer at this time.*" (Emphasis supplied.) It will be noted that as of June 21, 1954, being the date on which the affiant Edward M. Wontor swore and subscribed to the above affidavit, he swore the work of preparing the transcript on appeal *"has been wholly completed."* Yet the transcript so prepared was not filed in this court until August 10, 1954.

There is nothing in the transcript filed herein that required the deciphering or transcribing of any of the court reporter's shorthand notes and nothing that any competent stenographer could not readily and within the space of a single day or less, copy from the documents, entries and papers then and now on file in the office of the clerk of the district court.

Rule VI of the current published rules of the supreme court provides that the transcript shall be served and filed within

*sixty days* after the appeal is perfected or the appeal will be subject to dismissal on motion of the adverse party.

By excluding the first day and including the last as provided in R. C. M. 1947, sec. 90-407, for counting the days from March 19th, being the 78th day of the year 1954, whereon the appeal was perfected, to August 10th, being the 222nd day of the year 1954, whereon the transcript on appeal was filed and the computation shows that appellant's transcript on appeal was not filed in the supreme court until the 144th day after the appeal was perfected being long after the expiration of the time allowed by subdivision 2 of Rule VI of this court.

No extension of time was requested nor allowed for the filing of appellant's transcript on appeal and the appeal must be dismissed. See R. C. M. 1947, sections 93-5608, 93-8019, and In re Hanson's Estate, 128 Mont. 270, 273 Pac. (2d) 103, and the numerous authorities therein cited.

The motions to dismiss the appeal are granted and the appeal is ordered dismissed forthwith.

MR. JUSTICES ANDERSON, ANGSTMAN, DAVIS, and BOTTOMLY, concur.