No. 83-530

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

GERALDINE McLAUGHLIN and
NORTHWEST LIMITED, INC.,

       Plaintiffs and Appellants,

vs.

DALE P. HART, GAIL E HART,
JOHN R. ZURMUEHLEN and ANNIE
R. ZURMUEHLEN,

       Defendants and Respondents.

---

Appeal from: District Court of the Fourth Judicial District
            In and for the County of Missoula
            Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        Theodore P. Cowan, Missoula, Montana

    For Respondent:

        Terry Wallace, Missoula, Montana

---

        Submitted on Briefs: April 19, 1984

                Decided: November 1, 1984

Filed: NOV - 1 1984

_Ethel M. Harrison_

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal by Geraldine McLaughlin and Northwest Limited, Inc. from an order of the District Court, Fourth Judicial District, Missoula County, granting the motion of the defendants to dismiss the complaint.

The facts underlying this appeal are complex, and need not be stated at length here. It is enough to say that on September 20, 1983, in cause no. DV-790692, a separate action from the cause appealed herein, in the Missoula County District Court, the Hon. Gordon R. Bennett, judge presiding, determined that all transfers of property made by James H. Sadler and Darla C. Sadler, his wife, to Geraldine McLaughlin, and/or Northwest Limited, Inc. were fraudulent conveyances and therefore void. Geraldine McLaughlin and Northwest Limited, Inc. were not parties to the action in cause no. DV-790692.

On October 7, 1982, Geraldine McLaughlin and Northwest Limited, Inc. commenced this action, cause no. 56184 in the District Court, against the defendants named in this appeal by filing a complaint alleging that the presiding judge in cause no. DV-790692 had entered the order of September 20, 1982, at a time when Geraldine McLaughlin and Northwest Limited, Inc. were not parties to the other action; that Dale P. Hart and Gail E. Hart, in proceedings in execution under the other cause of action were intending to sell at sheriff's sale all of Darla C. Sadler's right in and to 63,500 shares of common stock in the new Park Hotel, Inc., a Montana corporation; that said transferred shares of stock from Darla C. Sadler to Geraldine McLaughlin had been determined to be fraudulent in a cause where Geraldine McLaughlin and

- 2 -

Northwest Limited, Inc. were not parties to the action; and said McLaughlin and Northwest Limited, Inc. prayed for a declaratory judgment determining the rights of the plaintiffs and the defendants in and to the said shares of stock.

On October 7, 1982, the Hon. Douglas C. Harkin ordered that the complaint filed, no. 56184, by Geraldine McLaughlin and Northwest Limited, Inc. be consolidated with the cause of action no. DV-790692 in the Missoula District Court. Judge Harkin recused himself, and invited the Hon. Gordon R. Bennett of the First Judicial District to assume jurisdiction, which jurisdiction Judge Bennett assumed on October 13, 1982.

On October 27, 1982, the defendants, through their counsel, moved to dismiss the plaintiffs' complaint upon the ground that the complaint failed to state a cause of action upon which relief could be granted. Counsel for the defendants filed a brief in support of the motion on November 1, 1982. No brief in support of the complaint or opposing the motion was filed by the plaintiffs. On September 26, 1983, Judge Bennett, on the basis that no responsive brief had been filed by the plaintiffs as required by Local Rule 4, Missoula County District Court, and Uniform Rule II, of the Montana Supreme Court, ordered that plaintiffs' complaint be dismissed with prejudice.

We affirm the order of the District Court dismissing plaintiffs' complaint on the grounds that the plaintiffs failed to comply with Uniform Rule II promulgated by this Court and with Rule 4 of the local rules promulgated by the Missoula County District Court.

Uniform Rule II applies to all District Courts in the State of Montana, and it provides in pertinent part:

"Upon serving and filing a motion under Rule 12, M.R.Civ.P., or within 5 days thereafter, the moving party shall serve and file a brief. The adverse party shall have 10 days thereafter within which to serve and file an answer brief. A reply brief may be served and filed within 10 days thereafter. Upon the filing of briefs, the motion shall be deemed made and submitted and taken under advisement by the Court, unless the Court orders oral argument on said motion. The Court may in its discretion order oral argument either on its own motion or upon an application contained in the brief of either party. Each motion upon which oral argument is so ordered shall be set by the clerk for hearing on the first Law and Motion Day occurring more than 10 days after the date of the order for oral argument in the county wherein said motion is pending.

"Failure to file briefs within the prescribed time shall subject said motion to summary ruling, and a failure to file a brief by the moving party shall be deemed an admission that in the opinion of counsel, the motion is without merit, and such failure to file such a brief by the adverse party shall be deemed an admission that in the opinion of counsel, the motion is well taken.. . ."

A similar provision has been adopted as part of the local rules of the Missoula County District Court.

The power of the Montana Supreme Court to make rules of practice and procedure for all other courts, including District Courts, is found in the state Constitution. Art. VII, § 2(3), 1972 Mont. Const. The power of district courts to make rules governing practice not inconsistent with the Rules of Civil Procedure or rules prescribed by the Montana Supreme Court is found in Rule 83, M.R.Civ.P.

Uniform Rule II is binding upon the practice before all District Courts in the State of Montana; local Rule 4 of the Fourth Judicial District is binding upon the practice before that District Court. State ex rel. Magnuson v. District Court, First Judicial District (1951), 125 Mont. 79, 231 P.2d 941; Sullivan v. Board of County Commissioners of Silver Bow County (1950), 124 Mont. 364, 224 P.2d 135. Such rules, when not conflicting with any statute, have the effect of law.

- 4 -

Roush v. District Court, Eighth Judicial District (1935), 101 Mont. 166, 53 P.2d 96.

Both the courts and counsel should be able to rely on duly adopted court rules which are made to be followed both by the court and counsel, and not ignored. Shore v. Chester (1974), 40 Ohio App.2d 412, 321 N.E.2d 614.

This cause languished in District Court for approximately 11 months after the filing by defendants of their brief supporting their motion to dismiss the complaint. In that period of time, no response was made by plaintiffs supporting the complaint. In such circumstances, Uniform Rule II, and Local Rule 4 of the District Court applied, and the District Court properly dismissed by summary ruling the plaintiffs complaint.

Affirmed.

_____
John L. Shelby
Justice

We Concur:

_____
Chief Justice

_____
John Conway Harrison

_____

_____
Justices

- 5 -