McMullen, respondent, v. Armstrong, appellant.

Practice — *dismissal of appeal — motion to perfect appeal.* A motion to perfect an appeal from the probate to the district court, which was not supported by affidavits, and was submitted after the appeal had been dismissed and a final disposition of the case had been made, was properly overruled by the court.

Practice — *reasons of court.* A correct decision will not be reversed, although the court erred in its reasons for making the same.

Practice — *presumption in favor of ruling of court below.* If the record does not contain the facts, this court will presume that a motion to dismiss an appeal was properly granted by the court below.

*Appeal from the Third District, Lewis and Clarke County.*

McMullen recovered judgment in the probate court of Choteau county against Armstrong, in May, 1871. Armstrong appealed to the district court of Lewis and Clarke county, to which Choteau county is attached for judicial purposes. The court, Wade, J., dismissed the appeal in November, 1871, and refused to allow Armstrong to perfect his appeal on the following ground : "That the appeal could not be perfected because the record showed that the probate court did not send the papers in the case, and a transcript of the docket to the district court, within ten days after the notice of appeal and undertaking on appeal was filed in the said court of probate ; and that the probate court failing in this duty, the right of appeal was lost." The other facts are stated in the opinion.

G. G. Symes, for appellant.

The court below dismissed the appeal because the probate judge of Choteau county did not comply with the statute, and send the papers and a transcript of the docket to the clerk of the district court. Acts 1869, 69, § 7.

Appellant did all that the law required of him in the premises. He cannot be made to suffer because the probate judge did not perform his duty. *Little* v. *Smith*, 4 Scam. 400 ; *Ewing* v. *Bailey*, id. 420 ; *Sherman* v. *Rolberg*, 9 Cal. 17.

The appeal was perfected within thirty days as required by law. Appellant would have been entitled to a writ of mandate to compel the probate judge to send up the record, if he had not already so done. *People* v. *Harris*, 9 Cal. 571; *Sherman* v. *Rolberg*, id. 17.

The cross-motion in this case amounts to a confession that the record was incomplete in certain respects. But the court held that the failure of the probate judge to forward the papers on appeal was a defect that could not be remedied.

SHOBER & LOWRY, for respondents.

To constitute an appeal, three things are necessary: 1. Filing notice. 2. Service of notice. 3. Filing the undertaking. If these steps are not taken within the time limited by statute, the appeal is not perfected, and the court appealed to has no jurisdiction. *Franklin* v. *Reiner*, 8 Cal. 340; *Whipley* v. *Mills*, 9 id. 641; *Hastings* v. *Halleck*, 10 id. 31; Voorhies' Code, 567 *d*, 571 *a*.

The notice is to the respondent or his agent. The law requires a copy of notice to be served upon the adverse party or his attorney. Acts 1869, 68, § 3. The undertaking must be accompanied by the affidavits of the sureties that they are residents of the county, householders, etc. Acts 1869, 69, § 6.

The transcript of the probate court is not here. Respondent rests his case on the grounds set forth in the motion to dismiss the appeal. The cross-motion of appellant was unauthorized. Appellant should have made a showing by affidavit if he wished to perfect the record. The cross-motion was filed after the appeal had been dismissed.

MURPHY, J. This case was brought to the district court of the third judicial district on appeal from Choteau county, and was there heard upon the motion of the plaintiff to dismiss the appeal.

The motion was sustained in the court below, and the appeal dismissed. And from the order of dismissal and judgment the defendant appealed to this court.

From the bill of exceptions it appears that, on the hearing of the plaintiff's motion to dismiss, the defendant suggested to the court that he could perfect the appeal as to the defects set forth and pointed out in said motion ; and, after the decision upon the same had been made, on the following morning, did move the court for leave to do so, founding his motion upon affidavits to be thereafter filed.

But the record nowhere shows that any such affidavits were ever filed, or that any showing whatever was made to sustain said motion, and the court, in the lawful exercise of its acknowledged discretion in the premises, refused and disallowed the same, as it had the undoubted right to do under the circumstances of the case.

Upon the hypothesis that it was within the power of the court, it was, at most, entirely discretionary with it, whether or not it would entertain the motion at all, or even permit it to be placed on file, after a hearing and determination of the matter in issue.

The appeal had been dismissed, a judgment for costs entered, the parties sent out of court, and a final disposition made, not only of the matter to which the motion related, but, in fact, of the whole case.

The motion thus coming too late, and utterly unsupported at that, it was not only within the province of the court, but its unquestionable duty to disregard it.

And assuming or admitting that the reasons assigned for, and by which the court was governed in making its ruling, are erroneous, yet it makes no difference if the ruling itself is proper and correct.

It matters not by what process or method of reasoning, or by what form of argument or manner of deduction, whether true or fallacious, a conclusion is arrived at, provided the conclusion itself is right.

And the mere fact of a just and correct decision being based or founded upon an incorrect or false theory, will be of no avail to impair or vitiate the validity of the decision itself.

As the record does not bring up the transcript from the probate court, upon the incompleteness and insufficiency of which the motion to dismiss was predicated, we have no means of examining the grounds of said motion, and are, in the absence of such, bound to presume the action of the court in sustaining it, to be correct.

Therefore, the order and judgment below are affirmed.

*Judgment affirmed.*