STATE EX REL. LITTLE, RELATOR, *v.* DISTRICT COURT ET
AL., RESPONDENTS.

(No. 3,462.)

STATE EX REL. McCONNELL, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 3,467.)

(Submitted March 26, 1914.    Decided April 22, 1914.)

[141 Pac. 151.]

*Supervisory Control—District Courts—Departments—Division
of Business — Rules — Jurisdiction — Wrongful Interference.*

District Courts—Departments—Power of Judges.
    1.  Where a district court is divided into two or more departments,
they constitute but one court, each of the presiding judges over which
has all the power conferred upon any district judge in the state to hear
and determine a cause arising in said court.

Same—Trial by Particular Judge—Rights of Parties.
    2.  No party litigant has any vested right to have his cause heard
before a particular judge.

Same—Departments—Rules—Right to Make.
    3.  *Obiter:*  Each judge of a district which has more than one judge
has authority to make rules of court for the control of the business
before the department over which he presides, provided they are con-
fined to legitimate subjects for government by court rules.

Same—Rules—Upon Whom Binding.
    4.  The distribution of the business of a judicial district having more
than one judge, "as equally as may be" between the judges presiding
over the different departments thereof, made obligatory upon such
judges by section 6278, Revised Codes, *held* to be personal to, and
binding upon, those judges only who make the apportionment, render-
ing a redistribution necessary upon a change in their personnel, if so
desired.

Same—Departments—Jurisdiction—Wrongful Interference—Effect.
    5.  *Held,* under the rule declared in paragraph 4 above, that where the
term of one of two judges of a district who had agreed to a rule,
whereby all matters of a criminal nature were automatically assigned
to one department thereof, had expired and a redistribution of the
business was not made between his successor and the judge who con-
tinued in office, the former had full power to hear and determine a
criminal cause based upon an indictment returned by a grand jury
impaneled by him, and the latter exceeded his authority by assuming
jurisdiction and quashing the indictment.

    MR. CHIEF JUSTICE BRANTLY concurring specially.

PETITION by the state, on the relation of Howard Little, for
a writ of prohibition against the district court of the first

judicial district of the state, in and for the county of Lewis and Clark, and J. Miller Smith, a judge thereof, consolidated with a petition by the state, on the relation of A. H. McConnell, county attorney, for a writ of *certiorari* to the same court, and J. M. Clements, the other judge thereof.   Prohibition denied, and proceedings attacked by *certiorari* held void.

*Mr. O. W. McConnell* and *Mr. E. A. Carleton,* for Relator Little, in Cause No. 3,462, submitted a brief and argued the cause orally.

*Mr. A. H. McConnell,* for Respondents, submitted a brief and argued the cause orally.

In cause No. 3,467, *Mr. A. H. McConnell,* appearing *pro se* as Relator, submitted a brief.

*Messrs. O. W. McConnell* and *E. A. Carleton,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On March 10, 1905, the district court of the first judicial district of Montana, Judges Henry C. Smith and J. M. Clements presiding, made and promulgated a code of rules for the government of the practice in that court, and which further assumed to apportion the business of the court between the judges.   Rule 1 divided the court into two departments, designated, respectively, department 1 and department 2.   Rule 2 provided: "All criminal causes and matters of a criminal nature are hereby assigned to department 1."

On February 7, 1914, Hon. J. Miller Smith, the presiding judge in department No. 2, ordered a grand jury, which was duly impaneled and charged, and which thereafter, on March 5, returned into court, and into department No. 2, certain indictments, by one of which Howard Little was accused of violating the anti-gambling law of this state.   Upon being arrested

and brought into court, and into department No. 2, for arraignment before Judge Smith, Little interposed the objection that under Rule 2 of the Rules of the court, Judge Smith had no authority to proceed in the case, and asked that it be transferred to department No. 1. The objection was overruled, the motion denied, and, upon the refusal of Little to plead, a plea of not guilty was entered for him, and the cause set for trial in department No. 2 for March 13. Immediately thereafter Little appeared before Judge Clements in department No. 1 and was again arraigned. A motion to quash the indictment was interposed, and thereafter this motion was sustained by the court in department No. 1, Judge Clements presiding, and an order was entered discharging the defendant and exonerating his bail. Anticipating that the court in department No. 2 would insist upon trying him on March 13, the defendant Little applied to this court for relief. Before his application could be heard or determined, Andrew H. McConnell, the county attorney of Lewis and Clark county, applied for a writ of *certiorari* to bring before the court all of the record of the proceedings had in department No. 1 in the case of the *State* v. *Little.* The writ was issued, the return made, and the two causes heard together.

Strictly speaking, neither proceeding alone entitles the relator therein to the relief demanded; but the two together present all the records, facts and circumstances involved, and since the matter which it is sought to have determined is of public interest and concern, technical questions of practice will be disregarded, and the two proceedings will be deemed to be consolidated and treated as an application for a writ of supervisory control for all the relief demanded in both applications.

1. Upon the presentation of the indictment there was pending in the district court of the first judicial district of Montana, in and for Lewis and Clark county, a cause entitled *"The State of Montana* v. *Howard Little."* There is but one such court, [1] and that it had jurisdiction to hear and determine all questions arising in the *Little Case* cannot be gainsaid. (Article

VIII, sec. 11, Constitution of Montana; sec. 8416, Rev. Codes.) Likewise, that Judge Smith was authorized to call a grand jury is beyond dispute.   Section 6367, Revised Codes, provides: "In districts where there are two or more judges each judge may order a grand jury to be drawn and summoned to attend the session or term over which he presides, as provided in this article, but no more than one grand jury must ever be in attendance upon any district court at the same time."

Primarily, each of the two judges of the district court of, the first district has all the power and authority conferred upon any district judge in this state, and, nothing further appearing, the court, presided over by either Judge Clements or Judge Smith, had complete jurisdiction to hear and try the cause of *State* v. *Little,* and the defendant could not complain that either one or the other of the judges presided, for no litigant or party [2]   to an action or proceeding has any vested right to have his cause heard before a particular judge.

2. "Every court of record may make rules not inconsistent with the laws of this state, for its own government."    (Rev. Codes, sec. 6293.)   Such rules, when duly promulgated, have the force and effect of statutes within the territorial limits of the district (*Montana Ore Pur. Co.* v. *Boston & Mont. etc. Co.,* 27 Mont. 288, 70 Pac. 1114; *State ex rel. Nissler* v. *Donlan,* 32 Mont. 256, 80 Pac. 244), and are binding upon the judges of the court, as well as upon all other persons.

But it is insisted by counsel for relator Little that Rule 2 above, promulgated in 1905, not having been modified, repealed or superseded, was binding upon Judge Smith, and by virtue of that rule the case of *State* v. *Little* was automatically assigned to department No. 1, and, since Judge Smith was not invited by Judge Clements to try this cause, and the cause was not transferred from department No. 1 to department No. 2, Judge Smith had no authority to arraign the defendant, or to preside at the trial of the case against him.   Assuming the premise to be correct, the conclusion would follow as of course; but the premise is fundamentally erroneous, and the conclusion not

49 Mont.—11

less so.   To distinguish between a court and a judge of the court would be idle pastime at this late day.   The distinction is recognized by laymen, as well as by members of the legal profession.   It is emphasized by the legislature in many statutes, [3] and in different sections of the Codes.   It is unnecessary to the determination of the matter before us to decide whether each judge of a district which has more than one judge has authority to make rules of court for the control of the business before the department over which he presides.   No valid objection to his doing so can be suggested, so long as the rules are confined to legitimate subjects for government by court rules.   But assuming, for the purposes of these proceedings, that the rules of court adopted in 1905 are now binding upon both judges of the district court of the first judicial district, so far as they deal with proper subjects for regulation by court rules, the question of the effect of Rule 2 of those rules, which assumes to distribute the business between the judges, is before us for decision, and with it the question of the right of Judge Smith to preside at the trial of the case of *State* v. *Little,* in the absence of any agreement by him and Judge Clements upon a distribution of the business of the court between them.

3. The question has been removed from the realm of doubt or uncertainty by positive statutory enactment.   The members of the legislature must have appreciated fully that the matter of distributing the business of a court between the judges presiding therein is one of convenience; that, so long as the business is efficiently and expeditiously transacted, no one is concerned as to the particular judge who sits in the trial of a given case; that, if a division of the business is actually made, and in point of volume of business the division is an equitable one, the purpose of the law is conserved, and the interest of the public fully satisfied.

With these elementary principles in view, section 6278, Revised. [4] Codes, was enacted, and by its provisions the judges of a district having more than one judge are required to "appor-

tion the business among themselves as equally as may be.'' To make this distribution is a duty which was very sensibly enjoined upon the judges, and not upon the court. The propriety of any particular division of court business depends upon the temperaments of the individual judges, their choice of work, and their adaptability to it. Whether criminal cases shall be tried in one department or the other is a matter which cannot possibly interest anyone but the judges themselves. Even under the arrangement provided in the rules of 1905, the case of the *State* v. *Little* might have been transferred to department No. 2, or Judge Smith might have been called into department No. 1 to try it by agreement of the judges, even over the most pronounced opposition of the defendant. The statute above makes the apportionment of the business a matter entirely personal to the individuals who happen to be the judges, and as a consequence the division made by the judges at any given time cannot from the very nature of the case be binding upon their successors. The law clearly implies that upon a change in the personnel of the judges there shall be a redistribution of the business, if that be necessary to meet the convenience and choice of the judges. The section of the Code above treats of the division of court business and the enactment of court rules as entirely independent matters. It provides that the judges *may* divide the court into departments; but it is left altogether optional whether they do so or not. They *may* prescribe the order of business; but they are not required to do so. They *may* make rules for the government of the court; but there is no obligation to that end imposed. But when the legislature came to consider the distribution of the business of the court, it spoke in no uncertain terms. The judges *must* apportion it between themselves as equally as may be. The obligation is an absolute one. The duty imposed is a legal duty from the discharge of which there is no escape, save by resignation from office. Because the distribution of business is personal to the judges, it is not a subject within the purview of court rules; and rule No. 2, adopted in 1905, while effective as the expres-

sion of the will of the judges in office at that time, is not binding upon the present judges.

Our attention is directed to certain expressions to be found in *State ex rel. Nissler* v. *Donlan,* above, in apparent conflict with the views just expressed; but in that case the question: Where rests the authority to distribute the business of the court among the judges? was not raised or considered, and the observations upon rules of court are declared in the opinion to be "somewhat of a digression."

It is beside the question to consider what might have been done by mutual arrangement of the judges or consent of the litigants, and authorities treating cases arising under such conditions are of no assistance in this instance. We are compelled to treat all the parties interested in these proceedings, and their acts herein referred to, as hostile. It was not to aid Judge Smith in the disposition of the *Little Case* that Judge Clements acted, but to displace him altogether, and that, too, against his will.

4. In the absence of any agreement between these two judges [5] upon an apportionment of the business of the court between them, or, what is the same thing, between their departments, either one, when in open court, possessed all the power and authority of the district court to hear and determine the case of the *State* v. *Little,* and, cognizance of that cause having first been taken in department No. 2, it was beyond the power of any other court of concurrent jurisdiction, or any other department of the same court, to interfere. These rules are elementary, and their observance necessary to the orderly dispatch of business and the protection of the rights of litigants.

All of the proceedings had in department No. 1 in the case of *State* v. *Howard Little* are void, and are set aside and held for naught. The relator Little is not entitled to the relief demanded.

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY:

I concur in the result reached by MR. JUSTICE HOLLOWAY in this case; but I desire to say that, in my opinion, while section 6278 is in terms addressed to the judges, it makes it obligatory upon them in the aggregate, and hence upon the court, to apportion the business of the court by rule properly promulgated. This is necessary in order that the business may be dispatched in an orderly way. Otherwise counsel and litigants cannot know with any certainty what judge will try their causes. The remarks in *State ex rel. Nissler* v. *Donlan,* though by way of digression, are altogether pertinent. A rule properly promulgated is the only way by which unseemly conflicts of authority may be averted. I am also of the opinion that, if the judges do not apportion the business as the statute requires, this court in a proper case may interfere and apportion it for them.

Rehearing denied May 16, 1914.