LUTEY BROS., RESPONDENTS, *v.* JACKSON ET AL., APPEL-
LANTS.

(No. 4,323.)

(Submitted January 8, 1919. Decided March 8, 1919.)

[179 Pac. 459.]

*District Courts—Departments—Injunction—Prosecution of Ac-
tion—Jurisdiction.*

District Courts—Injunction Against Prosecution of Action.
    1.   Injunction does not lie to prevent the prosecution of an action
at law, jurisdiction over the subject matter of which has been acquired
by another court, unless necessary to prevent a multiplicity of suits,
or unless there is some equitable circumstance in the case of which a
party cannot avail himself at law.

    [As to injunction against prosecution of action in another state, see
notes in 56 **Am. Rep.** 663; 59 **Am. St. Rep.** 880.]

Same—Departments—Injunction Against Prosecution of Action.
    2.   Where a writ of attachment had issued in one department of the
district court in a cause pending therein, another department of the
same court was without jurisdiction to enjoin, at the instance of de-
fendant, further action in the attachment proceeding, his remedy
lying in application to the first department for appropriate relief.

*Appeal from District Court, Silver Bow County; Edwin M.
Lamb, Judge.*

ACTION by Lutey Bros., a corporation, against Joseph R.
Jackson, as county attorney of Silver Bow County, and certain
other county officers, for an injunction to restrain defendants
from further proceeding in a cause pending in another depart-
ment of the same court. Injunction granted. Defendants ap-
peal from an order denying a motion to dissolve it. Reversed.

*Mr. S. C. Ford,* Attorney General, *Mr. Frank Woody,* Assist-
ant Attorney General, *Mr. Joseph R. Jackson, Mr. A. C. Mc-
Daniel, Mr. Frank L. Riley* and *Mr. N. A. Rotering,* for Appel-
lants, submitted a brief; *Mr. Jackson* and *Mr. Rotering* argued
the cause orally.

*Messrs. Galen & Mettler, Messrs. Walker & Walker* and *Mr.
C. S. Wagner,* for Respondent, submitted a brief; *Mr. Wagner*
argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

On October 28, 1918, some three months after the defendant in the action of the *State of Montana* v. *Lutey Bros.* (the plaintiff herein), *ante,* p. 545, 179 Pac. 457, had been adjudged guilty of a violation of Chapter 17, Laws of 1917, known as the Trading Stamp Law, and fined $25, the judgment in which was this day reversed and the cause remanded with directions to dismiss the complaint for failure to state a public offense, action at law numbered A10532 was commenced in Department No. 1 of the district court of Silver Bow county presided over by Judge Lynch, by the county treasurer in the name of the state against Lutey Brothers, for the purpose of collecting the license fee prescribed by the Act, as well as damages. The complaint comprised seventeen causes of action, the prayer in each of which was for judgment for $6,000 as license due and unpaid, and $15 as damages, making a total of $102,000 license and $255 damages. On the same day, a writ of attachment issued directing the sheriff to attach practically all of the property of the defendant, of every kind and description. On the 29th of the same month and before the writ of attachment had been levied, the plaintiff herein, Lutey Brothers, brought this action numbered A10541, in Department No. 2, Judge Lamb presiding, against the county attorney, the county treasurer and the sheriff of Silver Bow county, to restrain them from proceeding further with the prosecution of cause numbered A10532, or the writ of attachment issued thereunder. On the same day Judge Lamb granted the injunction prayed for. On October 30, the defendants herein filed their motion to dissolve the injunction. After a hearing, the court below modified the injunction to the extent of permitting prosecution of the action brought to collect the license fee (Cause No. A10532), but denied the motion to dissolve the injunction. From the order so made, the defendants appealed.

The question with which we are confronted is: Did the court (acting through Judge Lamb of Department No. 2 thereof) have jurisdiction to enjoin the defendants from prosecuting

the action entitled *"The State of Montana* v. *Lutey Bros."* No. A10532, or from seizing upon attachment the property of the plaintiff in the case at bar?

As will be observed, case No. A10532 was already pending in the same court, but in a department presided over by a judge other than the judge who granted the injunction complained of. [1] It is a principle so long established in judicial annals that it is now crystallized into statute law, that a court of equity will not enjoin the prosecution of an action at law where another court has already acquired jurisdiction of the subject matter thereof, unless such restraint is necessary to prevent a multiplicity of such proceedings; or unless there is some equitable circumstance in the case of which a party cannot avail himself at law. (Chap. 28, Laws 1913; *Beck* v. *Fransham,* 21 Mont. 117, 53 Pac. 96; *Spratt* v. *Helena Power Transmission Co.,* 37 Mont. 60, 92, 94 Pac. 631; *Rickett* v. *Johnson,* 8 Cal. 34; *Anthony* v. *Dunlap,* 8 Cal. 26; 22 Cyc. 811.)

When the district courts became clothed with authority to [2] grant both legal and equitable relief in the same action, the necessity of seeking relief elsewhere, and thus arraying one court against another, no longer existed. Judge Lynch having acquired jurisdiction of the cause in the first instance, application for appropriate relief, either legal or equitable, should have been made to him. (*State ex rel. Carroll* v. *District Court,* 50 Mont. 428, 147 Pac. 612; *State ex rel. Little* v. *District Court,* 49 Mont. 158, 141 Pac. 151; *State ex rel. Nissler* v. *Donlan,* 32 Mont. 256, 80 Pac. 244.) In the case of *State ex rel. Little* v. *District Court, supra,* Mr. Justice Holloway, speaking for this court, said: "Upon the presentation of the indictment there was pending in the district court of the first judicial district, in and for Lewis and Clark county, a cause entitled '*The State of Montana* v. *Howard Little.*' There is but one such court, and that it had jurisdiction to hear and determine all questions arising in the *Little Case* cannot be gainsaid."

As was said by Chief Justice Brantly in *State ex rel. Nissler* v. *Donlan, supra:* "While the judges exercising their duties in

their respective departments must, for some purposes, be regarded as presiding over different courts, yet the court is in fact one court, and has jurisdiction of all matters which may properly be brought before it." In *State ex rel. Carroll* v. *District Court,* 50 Mont. 428, 430, 147 Pac. 612, Mr. Justice Holloway again observed: "The two departments of the district court are co-ordinate. Neither possesses any appellate or supervisory control over the other, and when one has spoken upon a matter properly before it, a due sense of propriety alone ought to be sufficient to stay interference by the other."

It must, therefore, be constantly borne in mind that while there may be more than one department constituting a district court in this state, it is still but one court—one judicial establishment; and that the action of one of the judges in a matter rightfully pending before him, is the action of the district court in that behalf. The authority of Judge Lynch in the attachment proceeding before him continued until the matter could be finally and completely disposed of, and was absolute. While the observance of this principle might be required on grounds of judicial comity and courtesy, it is a rule essential to the dignity and just authority of every court, and its proper observance is necessary in order that unseemly and discreditable conflicts may be avoided.

The order is reversed with directions to district court to dismiss the proceeding.

*Reversed.*

Mr. Chief Justice Brantly: I concur in the result reached.

Mr. Justice Holloway concurs.