STATE EX REL. HANSEN, RELATOR, *v.* DISTRICT COURT,
ET AL., RESPONDENTS.

(No. 5,677.)

(Submitted January 5, 1925.   Decided January 20, 1925.)

[233 Pac. 126.]

*Prohibition—Intoxicating Liquors—Searches and Seizures— Seizure Without Warrant—Sufficiency of Probable Cause— Trial—Evidence—Affidavits—Affiant not Subject to Cross- examination—Rules of Court.*

Trial—Rules of Court—Nonobservance—Harmless Error.
  1.   While rules of court have the force of statutes and are binding upon court and litigants, in the absence of a showing of injury, nonobservance of a rule requiring affidavits to be filed one day before hearing of a motion in opposition to which it was used was not reversible error.

Same—Affidavits Used as Evidence — Affiant not Subject to Cross- examination.
  2.   Where the affidavit of an officer is used as evidence in opposition to a motion to suppress the use of articles seized by him as evidence in a prosecution for a violation of the liquor law, the affiant is not subject to cross-examination by the movant, but if the latter desires to examine him he must make him his own witness.

Same—Court not Bound by Testimony of Witness, When.
  3.   A trial court is not bound by the testimony of a witness, no matter how positively sworn to, if it does not credit it.

Intoxicating Liquors—Searches and Seizures—Probable Cause—Burden of Proof.
  4.   The burden of establishing want of probable cause for making an arrest and seizure under the liquor law without a warrant is upon him who asserts it.

Same—Arrest and Seizure—When Officer Empowered to Act Without Warrant.
  5.   Where a violation of the liquor laws occurs in the presence of an officer, or where the circumstances are such as would entitle him to the issuance of a search-warrant on proper application, he may make the seizure without a warrant.

Same—Arrest and Seizure Without Warrant — Insufficient Bases— Proof of.
  6.   Information imparted to an officer that an automobile containing liquor would appear at a certain place after dark, and proof that the person driving it had the reputation of a bootlegger who had been a constant source of trouble to the sheriff's office and had before been caught in the act of transporting liquor, are insufficient

1.   Power of court to disregard rules, see note in 6 **Ann. Cas.** 592.
3.   Credibility of witnesses, see note in 86 **Am. Dec.** 328.

bases for either the issuance of a search-warrant or an arrest without a warrant.

Same—Detecting Odor of Liquor Coming from Automobile—Seizure Without Warrant—Sufficiency of Probable Cause.

7. Where an officer on approaching an automobile saw in the back seat thereof kegs and glass containers and detected the odor of moonshine liquor coming therefrom, and in good faith believing that a crime was being committed in his presence, he had sufficient probable cause to act without a warrant, and a motion to suppress the use of the articles seized as evidence in the criminal prosecution was properly denied.

Original application for writ of prohibition by the State, on the relation of Charles Hansen, against the District Court of the Ninth Judicial District in and for Gallatin County, and B. B. Law, Judge thereof. Writ denied, and proceeding dismissed.

*Mr. George D. Pease,* for Relator, submitted a brief and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. L. V. Ketter,* Assistant Attorney General, for Respondents, submitted a brief; *Mr. Ketter* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Application for writ of prohibition. On October 24, 1924, between the hours of 10 and 11 P. M., at Three Forks, Gallatin county, Orville Jones and E. M. Howell, deputy sheriffs, without warrant of arrest or search-warrant, halted relator's automobile, placed relator under arrest and seized the car and twenty-five gallons of moonshine whisky found therein. An information was filed charging relator and his companion, E'tta Bennett, with the unlawful possession and

---

7. Transportation of concealed liquor as an offense within presence of officer authorizing arrest without warrant, see note in 20 **A. L. R.** 652.

7. Admissibility of evidence secured by search or seizure, see notes in 15 **Ann. Cas.** 1205; **Ann. Cas.** 1915C, 1182.

transportation of intoxicating liquor; plea of "not guilty" entered, and the trial of the cause set for December 4, 1924.

On November 24, 1924, relator filed and served written notice of motion and motion to suppress the evidence thus obtained and for the return of the car and its contents, and in support thereof filed his affidavit, asserting that the officers acted willfully and unlawfully without warrant, and "did not have any probable cause to believe that affiant was engaged in the commission of any public offense." The motion was heard on November 29, 1924, and submitted on the Hansen affidavit.

In resistance of the motion the county attorney filed the affidavit of Deputy Jones, stating:

(a) That the officers had gone to Three Forks on advice that an automobile would appear there, after dark, loaded with liquor.

(b) That affiant knows the general reputation of Hansen, which is that Hansen is a moonshiner and a bootlegger.

(c) That Hansen had been an almost constant source of trouble to the sheriff's office during the past year, and had been "prior to October 24, 1924, caught in the act of possessing and transporting intoxicating liquor."

(d) That on the night in question affiant saw Hansen sitting in his car, near a building "into which affiant had reason to believe the said Hansen was about to deliver a load of intoxicating liquor."

(e) That affiant approached the car and saw in the back seat thereof two five-gallon wooden kegs, one ten-gallon wooden keg, and one five-gallon glass container, and "as he was about to step upon the running-board of the said car detected an odor of moonshine whisky protruding from said car"; that Hansen started the car in motion, and thereupon affiant placed him under arrest and seized the containers filled with moonshine whisky.

(f) "That affiant acted in good faith, believing that a crime was being committed in his presence."

Thereupon counsel for the moving party stated that Jones was in the courtroom and requested permission to cross-examine him; this request the court denied, stating, "If you wish to put him on the stand as your own witness, you may do so." Counsel did not avail himself of the permission, and made no further objection to the affidavit.

On rebuttal, Etta Bennett, codefendant with Hansen, testified that the night was dark, and that it could have been impossible for anyone to have seen into the car; further that the containers were covered with a blanket, and the back curtains of the car so arranged that no one could see into the car or see what was in the back seat thereof. On cross-examination the witness admitted that the car was near the intersection of two streets and that there was an electric street light in the vicinity; she further admitted that she had never smelled moonshine whisky, and did not know what it smelled like. The county attorney then had the car introduced in evidence for the court's inspection.

The motion to suppress was denied and thereupon relator made his application to this court for a writ of prohibition.

Counsel submits three propositions, in the nature of assignments of error, on which he bases his contention that the motion should have been granted: (1) That the Jones affidavit should have been served upon him before the day of hearing; (2) that the court should have permitted cross-examination thereon; (3) that the oral testimony of Etta Bennett clearly shows that the search and seizure were unlawful.

1. In his brief counsel asserts that, by rule of court in the [1] ninth judicial district, affidavits to be used on motion shall be served upon opposing counsel at least one day prior to the day set for the hearing of the motion. From the record it would seem that no objection was offered to the affidavit on this ground, and the court was therefore given no opportunity to rule upon its admissibility under the rule cited. However, while rules of court generally have the force of statutes,

and are binding upon the court as well as litigants (*State ex rel. Nissler* v. *Donlan*, 32 Mont. 256, 80 Pac. 244), there is no showing, or attempted showing, of injury resulting to relator; the only witnesses who could have contradicted the assertions contained in the affidavit as to what transpired at the time of the arrest and seizure, to wit, Hansen and Etta Bennett, were available at the hearing, and the testimony of Mrs. Bennett attempted to refute those assertions. If error was committed, it was nonprejudicial error, in the absence of a showing of injury. (*Roush* v. *Fort*, 3 Mont. 175.)

2. The affidavit was offered and received as evidence in refu-
[2] tation of the Hansen affidavit, likewise received as evidence, on motion, under the provisions of section 10636, Revised Codes of 1921, and properly so. As stated in Ruling Case Law: "In general practice, affidavits may be used to start in motion the process of the court, and are generally received as evidence upon hearing of motions, irrespective of the vital influence the latter may have upon the final outcome of the suit." (1 R. C. L. 766.)

At the time the request to cross-examine was made no oral testimony had been offered; the motion had been submitted on affidavit and resisted in like manner. There is nothing in either the law or practice permitting cross-examination on proof by affidavit; in fact the very nature of the proof excludes it. "The characteristics of an affidavit are that it is a voluntary statement and is made *ex parte* without giving the adverse party either notice or an opportunity to cross-examine." (1 R. C. L. 761.) The only method by which counsel could have examined the officer was, as suggested by the court, to have made him his witness.

3. Inasmuch as the affidavit of Deputy Sheriff Jones was
[3] properly received in evidence, the testimony of the witness Bennett, in contradicting the statements therein made, did no more than to create a conflict in the evidence, which it was the duty of the trial court to resolve. The court was not bound

by this testimony, no matter how positively sworn to, if it did not credit it. (*Daniels* v. *Granite Bi-Metallic Con. Min. Co.,* 56 Mont. 284, 184 Pac. 836.) The court had the advantage of observing the demeanor of the witness Bennett on the stand and the manner in which she testified, and may have entirely disbelieved her testimony.

Again, the court had the opportunity of examining the car concerning which the witness testified, and such examination may have entirely refuted her assertions. However this may be, the court resolved the conflicting testimony against relator, and this court cannot disturb its ruling on the motion, in the event there is substantial evidence in the record to support it.

In considering this question it must be borne in mind that [4] the burden of establishing a want of probable cause rested upon relator. (Sec. 10606, Rev. Codes 1921.)

An officer may arrest without a warrant and seize contra- [5] band articles whenever a violation of the liquor laws occurs in his presence (sec. 39, Chap. 9, Laws Extra. Session of 1921), and may make such an arrest and seizure under such circumstances as would have entitled him to the issuance of a warrant of arrest or a search-warrant on proper application (*State ex rel. Neville* v. *Mullen,* 63 Mont. 50, 207 Pac. 634; *State ex rel. Brown* v. *District Court, ante,* p. 213, 232 Pac. 201).

Analyzing the Jones affidavit: The statement that the officers [6] had gone to Three Forks on advice that a car, without describing it, containing liquor, would appear there after dark would furnish no sufficient ground for the issuance of a search-warrant, nor probable cause for the arrest without a warrant, for the reason that it in nowise connects the relator with such car. (*State ex rel. Samlin* v. *District Court,* 59 Mont. 600, 198 Pac. 362.) Likewise proof of the general reputation of relator is insufficient for such purpose. (*State ex rel. Stange* v. *District Court,* 71 Mont. 125, 227 Pac. 576.) The statement that at some time prior to October 24, 1924, relator

had been caught in the act of possessing and transporting
intoxicating liquor refers to a past transaction, indefinite
as to time, and forms no basis for either the issuance of a
search-warrant or an arrest without a warrant. (*State ex rel.
Samlin* v. *District Court, supra; State ex rel. Stange* v. *District
Court, supra; State ex rel. Sadler* v. *District Court,* 70 Mont.
378, 225 Pac. 1000.) Proof that relator had been an almost
continuous source of trouble to the sheriff's office for a year
prior to his arrest is too indefinite to render any aid to the
officer; it does not even intimate what was the nature of the
trouble caused.

Eliminating, therefore, these portions of the evidence, we
[7] still have proof that, as the officer approached the car in
which relator was sitting, and which he thereupon started in
motion, the officer saw, in the back seat of the car, two
five-gallon wooden kegs, one ten-gallon wooden keg, and one
five-gallon glass container, and ''detected the odor of moon-
shine whisky protruding from the car,'' and, ''acting in good
faith, believing that a crime was being committed in his
presence,'' made the arrest and seizure. Applying the test
laid down by this court in the cases heretofore cited, were those
facts and circumstances such as to cause a reasonable man,
acting in good faith, to believe that a crime was being com-
mitted in his presence? We think they were.

As this court said in the *Mullen Case,* cited above: ''We need
not stop to consider whether this evidence would be sufficient
to convict the defendant in a criminal action; it is only
necessary to determine whether the sheriff had probable
cause to believe that the law was being violated.'' . In the
case of *State* v. *Nilnch* (Wash.), 230 Pac. 129, the supreme
court of Washington said: ''We think it sufficiently appears
from the record that the liquor was in plain view in the ap-
pellant's automobile, and that the offense was committed in

the presence of the officers, to obviate the necessity for a search-warrant.''

The writ is denied and the proceeding dismissed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOL-LOWAY and STARK concur.

MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.