STATE EX REL. MAGNUSON, COUNTY ATTORNEY, RELATOR, v. DISTRICT COURT OF FIRST JUDICIAL DIST., IN AND FOR LEWIS AND CLARK COUNTY, ET AL., RESPONDENTS.

No. 9050.

Submitted March 23, 1951. Decided May 29, 1951.

231 Pac. (2d) 941.

80

Mr. Melvin E. Magnuson, County Atty., Mr. John C. Harrison, Deputy County Atty., Helena, for petitioner.

Mr. Sherman W. Smith, Helena, for respondent.

Mr. Magnuson and Mr. Smith argued orally.

MR. JUSTICE METCALF:

This is an original proceeding by which the relator seeks to set aside an order suppressing evidence made by the Hon. George W. Padbury, judge of the first judicial district.

The facts summarized are: On January 30, 1950, the county attorney of Lewis and Clark county asked leave of court to file an information charging John P. Phillips with the crime of receiving stolen property. Leave was granted by the Hon. A. J. Horsky, judge of the first judicial district, presiding in department No. 1 of that court. The cause was assigned number 2655 by the clerk of court.

On April 29, 1950, the defendant John P. Phillips moved to suppress certain evidence. This motion was based upon Phillips' affidavit, whereby Phillips asserted that the deputy sheriff and two state stock inspectors had seized this evidence from his premises without a search warrant or legal process of any kind. The motion and the affidavit in support of the motion raised a question of fact concerning the manner in which the state of Montana came into possession of the evidence in question. In the hearing that took place on the motion, the evidence produced was sharply conflicting.

On May 5, 1950, in cause No. 2655, the State of Montana v. John P. Phillips, the defendant's motion to suppress evidence and return the property came up for hearing in department No. 1 of the district court of the first judicial district. The county attorney objected to the matter being heard at that

time before the Hon. George W. Padbury, presiding judge of department 2.

Defendant's motion to suppress the evidence was sustained on November 14, 1950. Thereafter the county attorney brought this original proceeding to set aside and annul Judge Padbury's minute entry granting the defendant's motion to suppress the evidence.

In his petition he alleges that: "The usual practice followed in the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark, with reference to the trial of criminal cases, is that the Hon. George W. Padbury, Jr., Judge of Department No. 2, tries all such criminal cases; that in this particular case the Hon. George W. Padbury, Jr. announced that in view of the fact that he intended to appear as a defense witness for and on behalf of said defendant, John P. Phillips, he deemed it improper for him to preside in said criminal matter; that because of the foregoing reasons it was agreed that the Hon. A. J. Horsky would preside in this particular criminal action; that both the Hon. A. J. Horsky and the Hon. George W. Padbury, Jr. agreed that from and after the filing of said information the Hon. A. J. Horsky would preside thereon."

On March 10, 1951, this court issued an alternative writ ordering the district court of the first judicial district and the Hon. George W. Padbury, Jr., one of the judges thereof, to appear on the 23rd day of March, 1951, and show cause why the minute entry suppressing the evidence in the case of State v. Phillips should not be vacated, annulled and set aside and further, why the Hon. George W. Padbury, Jr. should not be enjoined from further participating in said cause as presiding judge thereof.

On the return day the Hon. George W. Padbury, Jr., in behalf of the district court of the first judicial district appeared by counsel who filed a motion to quash. Judge Padbury filed an affidavit in which he stated that: "He is the presiding Judge in the case of the State of Montana v. John Phillips,

which is a criminal cause and in which the defendant is charged with receiving stolen property; that he advised the office of the County Attorney of Lewis and Clark County, Montana, and others, subsequent to the filing of the information above referred to, that because of the fact that the defendant had called him on the telephone relative to some of the facts in said case, he would not preside at the trial in said cause, but he did not at any time advise any person whatsoever that he felt disqualified to, or that he was disqualified to hear a motion to suppress evidence in the above entitled cause; that said motion to suppress evidence involved a matter of law entirely unrelated to any of the facts involved in the trial of said cause; that he did not at any time agree that the Hon. A. J. Horsky should preside in said cause after the filing of the information therein."

The merits of the motion to suppress the evidence are not before us. The only question before us is whether the Hon. George W. Padbury, Jr. was authorized to preside at the hearing of the motion.

R. C. M. 1947, section 93-321, provides for the apportionment of the business of the court in districts having more than one judge. "The judges elected or appointed to hold office in each judicial district, having more than one judge, may divide the court into departments, prescribe the order of business, and make rules for the government of such court. They must apportion the business of the court among themselves as equally as may be, but in case of their failure to make such apportionment for any cause, the supreme court, upon application of any interested person, shall make an order apportioning such business, and cause the same to be entered upon the minute book of the district court in each county in such district, and such order shall remain in full force and effect until modified or repealed by the authority making it."

Prior to the Fourteenth Session of the Legislature in 1915, R. C. M. 1947, section 93-321, which was then section 6278, Revised Codes of 1907, merely empowered the judges in a district where there was more than one judge to divide the

court into departments, prescribe the order of business, and make rules for the government of the court not inconsistent with the Constitution or the statutes of the state.

Under this power the district court of the first judicial district had, on March 10, 1905, made such rules.

In 1914 the case of State ex rel. Little v. District Court, 49 Mont. 158, 141 Pac. 151, was decided by this court. That case arose as follows: Rule No. 2 of the district court of the first judicial district provided: "All criminal causes and matters of a criminal nature are hereby assigned to department 1." Judge Smith, presiding judge in department No. 2 called a grand jury and one Howard Little was indicted. He was brought before Judge Smith for arraignment and objected that under rule 2 Judge Smith had no authority to proceed with the case. The objection was overruled. Then Little appeared in department No. 1, presided over by Judge Clements, and moved to quash the indictment. This motion was granted, and the defendant ordered discharged.

This court held that upon a change in the personnel of the court, there may be a reapportionment of its business. But "because a distribution of business is personal to the judges, it is not a subject within the purview of court rules; and rule No. 2, adopted in 1905, while effective as the expression of the will of the judges in office at that time, is not binding upon the present judges. * * * In the absence of any agreement between these two judges upon an apportionment of the business of the court between them, or, what is the same thing, between their departments, either one, when in open court, possessed all the power and authority of the district court to hear and determine the case of the State ex rel. Little, and, cognizance of that cause having first been taken in department No. 2, it was beyond the power of any other court of concurrent jurisdiction, or any other department of the same court, to interfere. These rules are elementary, and their observance necessary to the orderly dispatch of business and the protection of the rights of litigants."

As a result of the controversy between the judges of the first judicial district, the Fourteenth Legislative Assembly amended section 6278 of the Revised Codes of 1907 to provide that if the judges failed to make such apportionment, the Supreme Court should make an order apportioning such business and cause the same to be entered on the minute books of the district court. In accordance with this Act, on June 3, 1915, a committee of the Helena Bar Association, composed of distinguished members of the bar of the first judicial district, petitioned the supreme court to make rules apportioning the business between the departments of the district court of the first judicial district. On June 21, 1915, the matter of the court rules for the first judicial district was heard by this court and suggestions of members of the bar and representatives of the district judges of Lewis and Clark county were made, and thereafter, on June 25, 1915, this court ordered that the rules of practice as promulgated by the court be filed with the clerk of the district court and be the rules for practice and procedure in the district court of the first judicial district. Rule 2 of these rules as promulgated by that order of June 1915 apportioned the business of the court as follows: ''All civil actions, including appeals in civil actions from justice of the peace courts, and all civil proceedings of a civil nature shall be heard in department No. 1; all probate matters, insanity inquests, juvenile matters, all criminal actions, including appeals in criminal actions, in justice of the peace courts, and all special proceedings of a criminal nature shall be heard in department No. 2. Either judge may issue a writ of habeas corpus, but the writ shall be made returnable and be heard in department No. 2 or before the judge thereof.''

Thereafter, on September 13, 1915, the two judges of the first judicial district petitioned this court for an amendment to rule 2, assigning and apportioning the business between the departments, requesting that the rule be amended to read: ''All civil and criminal actions and proceedings bearing an even number shall be assigned to department 2 of said court; and all

civil and criminal actions and proceedings bearing an odd number shall be assigned to department 1 of said court; all probate matters and insanity inquests may be heard and transacted in either department and all juvenile matters are assigned to department 2. The judges, however, may at any time, by an order entered on the minutes of the department to which any cause may have been originally assigned, reassign any such cause to the other department, whenever the convenient dispatch of business shall so require. Any cause or causes ready for trial in any department may be transferred by the presiding judge of such department to the judge of the other department to be by him disposed of if he be not otherwise engaged; such transfer is only for the convenient dispatch of business and does not transfer the case from the department to which it was assigned; nor is it intended in any manner to interfere with the order of business in any department, nor to permit the transfer to any department against the objection of the judge there sitting.''

This court granted the petition and on September 13, 1915, annulled and set aside the previous rule 2 and ordered that rule 2 as above set forth in the district judges' petition be promulgated for the district court of the first judicial district, and this is the rule that is still in effect assigning the business and apportioning the duties of the two departments of the district court of the first judicial district.

Rules of court, when properly promulgated, have all the force and effect of law within the territorial limits of the district. Roush v. District Court, 101 Mont. 166, 53 Pac. (2d) 96; State v. Kacar, 74 Mont. 269, 240 Pac. 365. And such rules properly adopted are binding on the court and its officers as well as on the parties and their counsel. State ex rel. Hansen v. District Court, 72 Mont. 245, 233 Pac. 126.

Apparently the rule assigning the business of the court and apportioning the duties of the judges in each of the two departments has been more honored by the breach than by the observance. The petitioner's statement that all criminal

cases have been handled by department No. 2 and other matters by department No. 1 has not been denied. In Judge Padbury's affidavit, he evidently believed that the cause at bar was to be handled in the customary manner and since it was a criminal case, he was the presiding judge in the cause. However, a general disregard of a particular rule by consent, acquiescence or waiver will not excuse such disregard in a particular case where the adverse party insists on his rights. Hill v. Webber, 50 Mich. 142, 15 N. W. 52.' In the instant case leave to file the information was granted by Judge Horsky and the information when filed was given an odd number and therefore became a criminal matter in department No. 1, over which Judge Horsky presided. Under the rule, the only way that it could be transferred to or assigned to Judge Padbury was by an order made by Judge Horsky entered on the minutes of the court. No such order was ever made. The county attorney insisted that the motion in the cause be heard by Judge Horsky and that the rule be observed. Cognizance of the matter having been first taken in department No. 1, it was beyond the power of any other department of the same court to interfere. Lutey Bros. v. Jackson, 55 Mont. 556, 179 Pac. 459; State ex rel. Nissler v. Donlan, 32 Mont. 256, 80 Pac. 244.

If section 93-321 had not been amended and the assignment and apportionment of the business of the district court of the first judicial district not made by the supreme court of Montana, Judge Horsky would be the judge having control of the case under the decision of State ex rel. Little, supra. The 1915 amendment to section 6278, Revised Codes of 1907, makes the apportionment of business within the purview of the court rules and the rule of court apportioning its business binding upon the members of the court until changed. Rule 2 as finally promulgated is the basis for determining which of the district judges in the first judicial district shall control the progress of any cause.

Under the general law and the rules of court Judge Padbury had no authority to hear the motion to suppress the evidence

in cause numbered 2655, State v. Phillips, and all the proceedings had before Judge Padbury are void and are set aside and held for naught.

Let the writ issue forthwith.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN and ANGSTMAN, concur.