No. 9192. In re RULES of COURT for the DISTRICT COURT of the FIRST JUDICIAL DISTRICT, in and for the COUNTY of LEWIS and CLARK.

Decided May 20, 1952.

*Judges George W. Padbury, Jr.,* and *A. J. Horsky* appeared pro se.

Per Curiam.

The petitioners, Honorable A. J. Horsky and Honorable George W. Padbury, Jr., judges of the district court of the first judicial district, in and for the state of Montana, request an order striking in its entirety rule XIV of the rules of practice and procedure of the first judicial district contending that rule XIV is in conflict with rule II of the rules of practice and procedure, as interpreted by this court.

The history of the controversy between the judges of the district court of the first judicial district, resulting in an act of the legislature authorizing the supreme court to adopt and promulgate rules governing the district court of the first judicial district court, is set forth in State ex rel. Magnuson v. District Court, 125 Mont. 79, 231 Pac. (2d) 941.

As first adopted, rule II of the first judicial district's rules of practice and procedure provided that all criminal actions and all special proceedings of a criminal nature should be heard in department No. 2. Since department No. 2 was the department for the trial of criminal cases, that department was required by rule XIV to keep the criminal calendar. Thereafter, when rule II was subsequently amended at the request of the

two district judges to provide that, "all civil and criminal actions and proceedings bearing an even number shall be assigned to department No. 2 of said court, and all civil and criminal actions and proceedings bearing an odd number shall be assigned to department 1 of said court * * *" it then became necessary for each department to have a criminal calendar to take care of the criminal business of the court.

A petition filed by the district judges on September 13, 1915, requesting the alteration of rule II, and that day granted by this court, made no mention of rule XIV. Since that time the district court of the first judicial district has operated under the rules as so amended. If any question had arisen as to the conflict between rule XIV and rule II, rule XIV would have been deemed amended by the adoption and promulgation of the later rule.

However, inasmuch as it is the duty of the judges of both departments to keep separate criminal calendars to assign the criminal business of each department, the petition is granted and said rule XIV is rescinded and stricken in its entirety as of this date and it is so ordered.