FRANK L. CARPENTER v. PROBATE JUDGE FOR OTTAWA
COUNTY.

*Approval of administrator's bond by probate judge.*

A probate judge cannot arbitrarily reject an administrator's bond, but he
has the right to require the sureties to justify if there is any rea-
sonable doubt of their responsibility; and the Supreme Court will
not interfere with such an exercise of discretion unless in a clear
case of its abuse.

MANDAMUS. Submitted April 20. Denied April 25.

*Frank L. Carpenter*, in person, for relator.

*Samuel L. Tate*, in person, for respondent.

MARSTON, J. Relator applied for a *mandamus* com-
manding the respondent to approve the administrator's bond
in the matter of the estate of Miriam Harris executed by
relator as principal and Rathbun and Burch as sureties, and
filed in said court November 23, 1880, and to issue to the
relator letters of administration in the matter of said estate.

In obedience to an order to show cause, the respondent
makes return, denying upon information and belief the
responsibility of the principal and sureties mentioned, and
that he had previously informed the relator that he, the
judge, should require the sureties to justify on oath, unless
they were known to the court, and especially if either of
them resided out of the county of Ottawa. The principal
and sureties resided in Kent.

Many things are set forth in the petition and answer
wholly foreign to the matter at issue; the simple question
being whether the respondent should be directed to approve
the bond of November 23d and issue letters to relator.

That the probate judge should exercise a sound discretion
in passing upon the question as to the sufficiency of bonds
submitted to him for approval is evident. And he may in
the exercise of such discretion require the sureties to justify

as to their pecuniary responsibility, and certainly should do so, where unknown to him or where he has any doubts as to their financial standing.   He has no right to act arbitrarily in the matter and refuse to approve a bond about which no reasonable doubt could exist, and in the absence of a clear showing to the contrary we cannot presume that he would do so.   In this case the answer satisfies us that the judge acted properly.   Had the sureties appeared and justified, it might appear therefrom that the bond should have been approved.   It could only be in a case involving an abuse of discretion that this court would interfere.

The writ must be denied.

COOLEY and CAMPBELL, JJ. concurred.