*In re* NUOTILA ESTATE.

1. COURTS—SUPREME COURT—PROBATE COURTS.
    The Supreme Court has general superintending control over the probate courts of the State and has power by general rules to establish, modify, and amend the practice in such courts (Const 1908, art 7, §§ 4, 5; § 17, as amended in 1955).

2. SAME—COURT RULES—PROBATE COURTS—FIDUCIARIES—BONDS.
    A local rule of a probate court requiring that fiduciaries before that court must furnish corporate surety bonds, thus barring individual sureties regardless of qualifications is inconsistent with the rule of the Supreme Court providing for individual sureties, and cannot stand (Michigan Probate Rule No 6 [1945]).

3. SAME — PROBATE COURTS — BONDS — APPROVAL — DISCRETION OF COURT.
    Provisions of the probate code and rules adopted by the Supreme Court for the probate court, relative to bonds to be filed in the probate court, contemplate a reasonable exercise of that

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Courts §§ 151, 268, 271.
    Superintending control over inferior tribunals.    112 ALR 1351.
    Power of court to prescribe rules of pleading, practice, or procedure.    110 ALR 22; 158 ALR 705.
[2] 14 Am Jur, Courts § 152.
[3, 4] 21 Am Jur, Executors and Administrators § 717.

court's discretion in the matter of approval of the bonds (CL 1948, §§ 704.3, 704.4, 704.10; Michigan Probate Rule No 6 [1945]).

4. EXECUTORS AND ADMINISTRATORS—BONDS—APPROVAL—DISCRETION OF COURT.

It was reversible error for a probate court to deny approval of a proffered administrator's bond containing 2 individual sureties but no corporate sureties, solely on the basis of an invalid local court rule requiring corporate sureties on such bonds, it being necessary that the probate court exercise a reasonable discretion in the matter of approval of such bonds, and the action taken being either an abuse of discretion or a failure to exercise it altogether (CL 1948, §§ 704.3, 704.4, 704.10; Michigan Probate Rule No 6 [1945]).

Appeal from Houghton; Brennan (Leo J.), J. Submitted April 6, 1960. (Docket No. 23, Calendar No. 48,244.)   Decided June 7, 1960.

In the matter of the estate of Charles M. Nuotila, deceased.  Bond of Oscar E. Nuotila, the appointed administrator, not approved because of local probate court rule requiring corporate surety.  Denial of approval upheld in circuit court.  Reversed and remanded.

*R. S. Koivunen,* for proposed administrator.

*Amicus curiae:*

*Wilfred J. Hupy,* Judge of Probate, Menominee County, for Upper Peninsula Section of Probate Judges.

DETHMERS, C. J.  The facts and proceedings in this case present the following question for decision: May a probate court, by its own general, local rule, require that every fiduciary, in matters before that court, must furnish a corporate surety bond, in utter disregard of and without court determination of the

character, financial responsibility or qualifications of the individual sureties and the sufficiency of their justifications thereof, on such bond as the fiduciary might proffer?

The probate court has adopted such rule and uniformly refuses to approve bonds on which neither surety is a corporate surety company. He so refused in this case, entirely upon the basis of the rule and without considering the qualifications of the individual, resident sureties who had justified as to their pecuniary responsibility.

Rule No 6 of the rules of practice of the probate courts* of the State of Michigan, adopted by the Supreme Court of Michigan, provides:

"The individual sureties upon the bonds of executors, administrators, trustees or guardians must be residents of this State. They shall justify as to their responsibility when required to do so by the court."

There is no probate court rule adopted by the Supreme Court expressly permitting the course of action here pursued by the probate court.

The Michigan Constitution of 1908, art 7, § 4, confers upon the Supreme Court "general superintending control over all inferior courts." Section 5 of that article provides that "the Supreme Court shall by general rules establish, modify and amend the practice in such court and in all other courts of record." The probate court is a court of record. Article 7, § 17, as amended in 1955.

The local rule of the probate court arbitrarily barring all individual sureties regardless of qualifications, is inconsistent with the rule of this Court providing for individual sureties and, therefore can-

---

* Michigan Probate Rules (1945). See, also, 349 Mich xvii.—RE-PORTER.

not stand. *Detroit, G. R. & W. R. Co.* v. *Eaton Circuit Judge,* 128 Mich 495.

CL 1948, § 704.3 (Stat Ann § 27.3178[253]), provides:

"Sec. 3. Every fiduciary before he enters upon the execution of his trust, and before letters of his authority shall be granted to him, and annually thereafter, shall give a bond, as provided in section 8 of this chapter, to the judge of probate in such reasonable amount as he may direct with such surety or sureties as he shall direct and approve."

CL 1948, § 704.5 (Stat Ann § 27.3178[255]), reads:

"Sec. 5. Each personal surety shall make oath that he owns property, exclusive of homestead property, subject to execution, of a value over and above encumbrances equal to the amount of the bond."

CL 1948, § 704.10 (Stat Ann § 27.3178[260]), reads:

"Sec. 10. No bond required by law to be given to the judge of probate, and filed in his office, shall be deemed sufficient, unless it shall have been examined and approved by the judge, and his approval thereof endorsed thereon in writing, and signed by him."

These statutory provisions permit such personal sureties on the bonds of fiduciaries as are approved by the probate court, and contemplate the exercise of reasonable discretion by that court in determining the responsibility and fitness of such sureties and its approval of the bonds after the sureties are so determined by it to be qualified.

In *Carpenter* v. *Ottawa County Probate Judge,* 48 Mich 318, which was an action to compel a probate judge to approve an administrator's bond with 2 personal sureties who failed to comply with the probate court's direction to justify as to their pecuniary responsibility, this Court upheld the probate

court's authority to thus decline to approve the bond, under such circumstances, as a reasonable exercise of that court's judicial discretion in the premises but said:

"That the probate judge should exercise a sound discretion in passing upon the question as to the sufficiency of bonds submitted to him for approval is evident. And he may in the exercise of such discretion require the sureties to justify as to their pecuniary responsibility, and certainly should do so, where unknown to him or where he has any doubts as to their financial standing. *He has no right to act arbitrarily in the matter and refuse to approve a bond about which no reasonable doubt could exist,* and in the absence of a clear showing to the contrary we cannot presume that he would do so. In this case the answer satisfies us that the judge acted properly. Had the sureties appeared and justified, it might appear therefrom that the bond should have been approved. It could only be in a case involving an abuse of discretion that this Court would interfere." (Emphasis supplied.)

So here, refusal to approve the bond with personal sureties, with no investigation or determination of their pecuniary responsibility, fitness or place of residence, solely on the basis of its invalid local rule represented either an abuse of discretion by the probate court or a failure to exercise it altogether. The mentioned statutes and rule of this Court impose the duty upon the probate court to exercise sound discretion in the matter of approval of the bonds of fiduciaries and the sureties thereon, and the probate court may not decline to do so.

On appeal the circuit court affirmed the probate court's order denying approval of the proffered bond containing 2 individual but no corporate sureties. Reversed and remanded with directions to the probate court to determine, in the exercise of sound

judicial discretion and in accord with this opinion and the rule of this Court and statutes applicable, the sufficiency of the proffered bond and sureties and, if found sufficient, to approve the same. Costs to appellant.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.